1 Fred W. Schwinn (SBN 225575)
  CONSUMER LAW CENTER, INC.
2 12 South First Street, Suite 416
  San Jose, California 95113-2404
3 Telephone Number: (408) 294-6100
  Facsimile Number: (408) 294-6190
4 Email Address: fred.schwinn@sjconsumerlaw.com

5 Attorney for Plaintiff
  PATRICIA CLAIRE BANKSTON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON, <br><br> Plaintiff, <br><br> v. <br><br> PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation, and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity, <br><br> Defendants. | Case No. C07 03396 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> 15 United States Code § 1692 *et seq.* |

Plaintiff, PATRICIA CLAIRE BANKSTON (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

-1-
COMPLAINT

1337.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, PATRICIA CLAIRE BANKSTON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7. Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond Patenaude, Agent for Service of Process, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. The principal business of P&F is the collection of debts using the mails and telephone, and P&F regularly attempts to collect debts alleged to be due another. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant, RAYMOND ALCIDE PATENAUDE, (hereinafter "PATENAUDE"), is a natural person and licensed attorney in the state of California. PATENAUDE may be served at his current business address at: Raymond Alcide Patenaude, Patenaude & Felix,

APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. PATENAUDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

10. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a credit card account issued by Capital One Bank and bearing the account number XXXX-XXXX-XXXX-5821 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

12. Thereafter Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. The collection letter (Exhibit "1") is dated June 4, 2007.

14. The collection letter (Exhibit "1") was the first written communication from Defendants that was received by Plaintiff in connection with the collection of the debt allegedly owed to Capital One Bank.

15. The collection letter (Exhibit "1") states:

> Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notice this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## VII.  CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

17. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 15 above.

18. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

19. Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

20. Defendant, PATENAUDE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

21. The financial obligation allegedly owed to Capital One Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

22. The collection letter (Exhibit "1") described above violates the FDCPA.  The violations include, but are not limited to, the following:

    a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    c. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and,

        d.    Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

23.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

c.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3); and

e.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
     Fred W. Schwinn, Esq.
     Attorney for Plaintiff
     PATRICIA CLAIRE BANKSTON

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA CLAIRE BANKSTON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.