Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
PATRICIA CLAIRE BANKSTON

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>          Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation, and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>          Defendants. | Case No.  C07-03396-JW-PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:         October 22, 2007<br>Time:        10:00 a.m.<br>Judge:       Honorable James Ware<br>Courtroom: 8, 4th Floor<br>Place:        280 South First Street<br>                  San Jose, California |

The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on October 22, 2007, at 10:00 a.m.

**1.  Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No parties remain to be served.

**2.  Statement of Facts**

**a.  Plaintiff's Statement**

This case is brought by an individual consumer to address Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").  The violations stem

-1-

from Defendants' communications attempting to collect a consumer debt from Plaintiff. Correspondence between the parties has been attached to the Complaint as an exhibit.

Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or otherwise transferred to Defendants. Thereafter, Defendants sent Plaintiff a letter in an attempt to collect the alleged debt. Defendants' collection letter states:

> Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Plaintiff contends that Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

Plaintiff contends that Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

Plaintiff contends that Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

Plaintiff also contends that Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

**b.    Defendants' Statement**

Defendant, Patenaude & Felix, A.P.C., is a law firm which was retained by Capital One Bank to represent it with respect to a delinquent credit card account opened by the Plaintiff. Defendant, Raymond A. Patenaude is an attorney with Patenaude & Felix, as well as a principal. Mr. Patenaude is also the person who executed the "dunning letter" which is the basis of this lawsuit.

1  Defendants disagree with the Plaintiff's contention that the "dunning letter" violates the
2  FDCPA, and base their contention on the holding in the Ninth-Circuit case of <u>Camacho v.</u>
3  <u>Bridgeport Financial, Inc.</u>, 430 F.3d 1078 (9th Cir. 2005), which held that it is improper to require
4  that the dispute be in writing.  It is Defendants belief that by including language in the "dunning
5  letter" sent to the Plaintiff that any dispute needs to be in writing goes against the holding in
6  <u>Camacho</u>.

**3.    Legal Issues**

The principal legal issues which the parties dispute:

    a.    Whether Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b.    Whether Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    c.    Whether Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4);

    d.    Whether Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

**4.    Motions**

There are no Motions pending at this time.  However, Plaintiff will likely file a motion or motions for summary judgment or partial summary judgment.  Although a final determination has not yet been made, if Defendants do file any Motion(s) it is believed that they will file a Motion for Summary Judgment and/or Summary Adjudication.

-3-

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN    Case No.  C07-03396-JW-PVT

1  **5.    Amendment of Pleadings**

2  At this time, Plaintiff does not anticipate amending the Complaint. Plaintiff reserves the
3  right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional
4  facts or claims.

5  At this time, Defendants do not anticipate amending their Answers. Defendants reserve the
6  right to seek leave of the Court to amend their Answers if Discovery, or additional information,
7  warrants an amendment.

8  **6.    Evidence Preservation**

9  Defendants have directed their relevant employees to preserve all documents, in paper or
10 electronic form, related to the subject matter if this case. Plaintiff will preserve all documents
11 related to the subject matter of this case.

12 **7.    Disclosures**

13     **a.    Plaintiff's Statement**

14 Plaintiff served formal written disclosures on October 4, 2007, as required by Fed. R. Civ.
15 P. 26(a)(1).

16     **b.    Defendants' Statement**

17 Defendants served their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on October
18 8, 2007.

19 **8.    Discovery**

20 **Plaintiff's Discovery:** Plaintiff will serve Interrogatories and Requests for Production of
21 Documents shortly. At this time and without the benefit of Defendants' initial disclosures, Plaintiff
22 anticipates that she may require up to 10 depositions in this matter.

23 **Defendants' Discovery:** Defendants anticipate serving written Interrogatories, Production
24 Demands and Requests for Admissions on the Plaintiff. At this time, other than the Plaintiff,
25 Defendants do not believe that they will be deposing any other people. However, if Discovery
26 reveals additional persons or entities with information pertaining to this matter, Defendants reserve
27 the right to depose those persons or entities.

28 / / /

**9. Class Actions**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations. Defendants reserve the right to oppose any attempt to add class allegations.

**10. Related Cases**

The parties are not aware of any related cases at this time.

**11. Relief**

    **a. Plaintiff's Statement**

Plaintiff requests that this Court:

    i. Declare that Defendants' collection letter violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

    ii. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    iii. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3);

    iv. Award Plaintiff such other and further relief as may be just and proper.

    **b. Defendants' Statement**

Defendants respectfully request that this Court:

    i. Enter Judgment in favor of the Defendants;

    ii. Find that Defendants "dunning letter" does not violate the FDCPA, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

    iii. Award Defendants their costs of suit, and reasonable attorneys fees, pursuant to 15 U.S.C. §1692k(a)(3); and

    iv. Award Defendants such other relief as the Court deems just and proper.

///

**12.    Settlement and ADR**

The parties have filed a Stipulation and Proposed Order selecting Mediation as the ADR process in this case.

**13.    Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a Magistrate Judge for all purposes.

**14.    Other References**

None at this time.

**15.    Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.    Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.    Scheduling**

| | |
|---|---|
| Initial Case Management Conference | October 22, 2007 |
| Close of Fact Discovery | April 22, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | May 6, 2008 |
| Last Day to File Dispositive Motions | June 2, 2008 |
| Opposition to Dispositive Motions | June 16, 2008 |
| Replies to Dispositive Motions | June 23, 2008 |
| Hearing on Dispositive Motions | July 7, 2008, at 9:00 a.m. |
| Final Pre-Trial Conference | July 21, 2008, at 3:00 p.m. |
| Jury Trial | August 5, 2008, at 9:00 a.m. |

**18.    Trial**

The parties anticipate that the action can be ready for trial in August, 2008.

Estimated length of trial is 2-3 days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

    **a.    Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent

corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      i.    Patricia Claire Bankston, an individual residing in Santa Clara County, California.

**b.    Defendants' Statement**

Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      i.    Patenaude & Felix, A.P.C., an law firm located in San Diego County, California.

      ii.    Raymond A. Patenaude, an individual residing in San Diego County, California.

**20.    Other Matters**

None at this time.

Dated:  October 10, 2007                   /s/ Fred W. Schwinn
                                           Fred W. Schwinn, Esq.
                                           Attorney for Plaintiff
                                           PATRICIA CLAIRE BANKSTON

Dated:  October 10, 2007                   /s/ Matthew B. Golding
                                           Matthew B. Golding, Esq.
                                           Attorney for Defendants
                                           PATENAUDE & FELIX, APC, and
                                           RAYMOND ALCIDE
                                           PATENAUDE