1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    PATRICIA CLAIRE BANKSTON
6

7

8                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                              SAN JOSE DIVISION

10  PATRICIA CLAIRE BANKSTON,                 Case No.  C07-03396-JW-PVT

11                      Plaintiff,

12  v.                                        MEMORANDUM OF POINTS AND
                                              AUTHORITIES IN SUPPORT OF
13  PATENAUDE & FELIX, A                      MOTION FOR SUMMARY
    PROFESSIONAL CORPORATION, a               JUDGMENT
14  California corporation, and RAYMOND
    ALCIDE PATENAUDE, individually and in     Date:       January 14, 2008
15  his official capacity,                    Time:       9:00 a.m.
                                              Judge:      Honorable James Ware
16                      Defendants.           Courtroom:  Courtroom 8, 4th Floor
                                              Place:      280 South First Street
17                                                        San Jose, California

18          COMES NOW the Plaintiff, PATRICIA CLAIRE BANKSTON, by and through her attorney

19  Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits her Memorandum of Points

20  and Authorities in Support of Motion for Summary Judgment filed herein.

21

22

23

24

25

26

27

28

    MEMORANDUM OF POINTS AND AUTHORITIES                    Case No.  C07-03396-JW-PVT

1

**TABLE OF CONTENTS**

2    TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3    TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6    FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8    SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9    STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11          A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED
                  TO ANALYZE VIOLATIONS OF THE FDCPA  . . . . . . . . . . . . . . . . . . . . . . 6
12

13          B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA,
                  PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS
                  SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED
14                CONSUMER" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15          C.    DEFENDANTS' DEBT COLLECTION LETTER VIOLATES 15 U.S.C. §
                  1692g(a)(4)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
16

17          D.    DEFENDANTS' DEBT COLLECTION LETTER VIOLATES 15 U.S.C. §
                  1692g(a)(5)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18          E.    DEFENDANTS MISREPRESENTED PLAINTIFF'S RIGHT TO OBTAIN
                  A COPY OF THE DEBT VERIFICATION OR JUDGMENT AGAINST
19                HER, IN VIOLATION OF 15 U.S.C. §§ 1692e AND 1692e(10) . . . . . . . . . . . 12

20          F.    DEFENDANTS MISREPRESENTED PLAINTIFF'S RIGHT TO OBTAIN
                  THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF IT IS
21                DIFFERENT THAN THE CURRENT CREDITOR, IN VIOLATION OF 15
                  U.S.C. §§ 1692e AND 1692e(10)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
22

23          G.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM
                  STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . . 12

24          H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND
                  COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
25

26   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

27

28

1

**TABLE OF AUTHORITIES**

2

**<u>CASES</u>**

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

4

*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 10, 11

6

*Bankston v. Phycom Corp.*, 2007 U.S. Dist. LEXIS 89284
(N.D. Cal. November 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7

8

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . 7, 8

9

*Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 4

10

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

11

*Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 11

12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13

*Chan v. North American Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353
(N.D. Cal. March 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

14

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

15

*De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 (D. HI January 4, 2004) . . . . . . . . . . 8

16

*EEOC v. Farmer Bros. Co.,* 31 F.3d 891 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

17

*Fasten v. Zager*, 49 F. Supp. 2d 144 (E.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

19

*Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031
(W.D. Wis. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

20

*Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21

*Kreek v. Phycom Corporation*, 2007 U.S. Dist. LEXIS 30652
(N.D. Cal. April 26, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

22

23

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . 4

24

*McCabe v. Crawford & Company*, 272 F. Supp. 2d 736 (N.D. Ill. 2003) . . . . . . . . . . . . . . . . . 10

25

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26

*Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

27

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28

1  *Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

2  *Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997) . . . . . . . . . . 8

3  *Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4  *Rieber v. Kovelman (In re Kovelman)*, 1995 U.S. App. LEXIS 8487 (9th Cir. 1995) . . . . . . . . . 4

5  *Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . 7, 13

6  *Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . 8

7  *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

8  *Schneider v. TRW, Inc.,* 938 F.3d 986 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) . . . . . . . . . . . . . . . . . 6

10  *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782  (9th Cir. 1971) . . . . . . . . . . . . . . . 3

11  *Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 7

12  *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*,
   809 F.2d 626 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13

14  *Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . . . 7, 8

15  *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16  *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

17  *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 8

18  *Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19  *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20  *United States v. Trans Continental Affiliates*, 1997 U.S. Dist. LEXIS 388
   (N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

21  *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22  *Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) . . . . . . . . . . . . . . . . . 13

23  <u>**STATUTES**</u>

24  15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

25  15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26  15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

27  15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28

1   15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2   15 U.S.C. § 1692g(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

3   15 U.S.C. § 1692k(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

4   15 U.S.C. § 1692k(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5   **<u>RULES</u>**

6   Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7   Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.  INTRODUCTION

This case was brought by PATRICIA CLAIRE BANKSTON (hereinafter "Plaintiff") against a debt collection agency, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, and RAYMOND ALCIDE PATENAUDE, an individual who operates and manages the collection agency (hereinafter collectively referred to as "Defendants").  The Plaintiff alleges various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff seeks statutory damages, attorney fees and costs under the FDCPA.

This case arises out of the initial debt collection letter that was sent to Plaintiff by Defendants.  The debt being collected stemmed from a disputed credit card account issued by Capital One Bank that was used for personal, family or household purposes.  Plaintiff alleges that Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff.  Plaintiff alleges that Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written request*, Defendants would provide Plaintiff with the name and address of the original creditor if different from the current creditor.  Plaintiff also alleges that the initial debt collection letter violates the FDCPA by misrepresenting Plaintiff's right to obtain a copy of the debt verification or judgment against her.  Finally, Plaintiff alleges that the collection letter misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor.

Plaintiff hereby moves for summary judgment on her claims for violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5).

# II.  PROCEDURAL HISTORY

On June 28, 2007, Plaintiff filed a Complaint in this action against Defendants.[1]  Thereafter,

---

[1]  Doc. 1.

MEMORANDUM OF POINTS AND AUTHORITIES  -1-          Case No.  C07-03396-JW-PVT

1   Defendants filed their Answer on July 25, 2007.[2]  On October 12, 2007, Plaintiff propounded

2   Requests for Admission to Defendant, Patenaude & Felix, A Professional Corporation.[3]  On

3   November 12, 2007, Defendant served its responses to Plaintiff's Requests for Admission[4].

4       On December 10, 2007, Plaintiff's Motion for Summary Judgment was filed herein.  This

5   Memorandum of Points and Authorities is submitted in support thereof.

6                          **III.  FACTS OF THE CASE**

7       Plaintiff, Patricia Claire Bankston, is a "consumer" within the meaning of 15 U.S.C. §

8   1692(a)(3).[5] Defendant, Patenaude & Felix, A Professional Corporation, is a California corporation

9   engaged in the business of collecting consumer debts.[6]  Defendant, Raymond Alcide Patenaude, is

10  a "debt collector" as defined by 15 U.S.C. § 1692a(6).[7]

11      On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a

12  credit account issued by Capital One Bank.[8]  The debt was incurred primarily for personal, family

13  or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).[9]

14  Sometime thereafter, the debt was sold, assigned or otherwise transferred to Defendants for

---

17    [2] Doc. 5.

18/19   [3] Doc. 13;  Declaration of Fred Schwinn in Support of Motion for Summary Judgment ¶ 3 and Exhibit "2."

20/21   [4] Declaration of Fred Schwinn in Support of Motion for Summary Judgment ¶ 4 and Exhibit "3."

22   [5] Complaint (Doc. 1) ¶¶ 6 and 18; Answer (Doc. 5) ¶¶ 6 and 18; Exhibits "2" and "3", Admission No. 1.

23/24   [6] Complaint (Doc. 1) ¶¶ 7 and 19; Answer (Doc. 5) ¶¶ 7 and 19; Exhibits "2" and "3", Admission Nos. 2, 3 and 4.

25   [7] Complaint (Doc. 1) ¶¶ 8 and 20; Answer (Doc. 5) ¶¶ 8 and 20.

26   [8] Complaint (Doc. 1) ¶ 10; Answer (Doc. 5) ¶ 10.

27/28   [9] Declaration of Patricia Claire Bankston in Support of Motion for Summary Judgment (hereinafter "Plaintiff's Declaration") ¶ 4; Exhibits "2" and "3",  Admission No. 5.

---

1    collection from Plaintiff.[10]

2        Thereafter, Defendants mailed Plaintiff a collection letter, dated June 4, 2007, in an attempt

3    to collect the debt.[11]   The collection letter was the first written communication from Defendants to

4    Plaintiff in connection with the collection of the debt owed to Capital One Bank.[12]   The collection

5    letter states:

6        Unless you notify us within THIRTY (30) days after receiving this notice that you
        dispute the validity of this debt or any portion thereof, this office will assume this
7        debt is valid.  If you notify this office within THIRTY (30) days from receiving this
        notice, this office will: obtain verification of the debt or obtain a copy of a judgment
8        and mail you a copy of such judgment or verification.  If you request this office
        within THIRTY (30) days after receiving this notice, this office will provide you
9        with the name and address of the original creditor, if different from the current
        creditor.[13]

10

11                            **IV.  STANDARD OF REVIEW**

12        The standard of review for a motion for summary judgment is that the moving party is

13    entitled to summary judgment when the evidence shows that there is no genuine issue of material

14    fact, and that the moving party is entitled to judgment as a matter of law.[14]   The Court must

15    determine "whether there is the need for a trial–whether, in other words, there are any genuine

16    factual issues that properly can be resolved only by a finder of fact because they may reasonably be

17    resolved in favor of either party."[15]   "Only disputes over facts that might affect the outcome of the

18

19

20    ────────────────

21        [10]  <u>Complaint</u> (Doc. 1) ¶ 11 ; <u>Answer</u> (Doc. 5) ¶ 11.

22        [11]  <u>Complaint</u> (Doc. 1) ¶¶ 12 and 13; <u>Answer</u> (Doc. 5) ¶¶ 12 and 13;  <u>Plaintiff's Declaration</u>
     ¶ 5; Exhibits "2" and "3",  Admission Nos. 6 and 7.

23        [12]  <u>Plaintiff's Declaration</u> ¶ 7.

24
25        [13]  <u>Plaintiff's Declaration</u>, Exhibit "1"; Exhibits "2" and "3",  Admission Nos. 6 and 7.

26        [14]  Fed. R. Civ. P. 56(c); *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir.
     1971).

27        [15]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d
28    202, 212 (1986).

1    suit under governing law will . . . preclude summary judgment."[16] When the record taken as a whole

2    would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue

3    for trial.[17]  In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a

4    material issue of fact.[18]

5        The movant must carry this burden of "identifying those parts of the record that indicate the

6    absence of a genuine issue of material fact."[19]  Once this burden is met, the non-movant is required

7    to "come forward with specific facts showing that there is a genuine issue for trial" as to elements

8    essential to the non-movant's claim.[20]  The non-movant must show more than "some metaphysical

9    doubt as to the material facts;"[21] he or she must "set forth specific facts showing that there is a

10   genuine issue for trial." [22]

11       The Court must resolve all disputed facts and weigh all evidence "in the light most favorable

12   to the nonmoving party."[23]  However, the nonmoving party may not rely upon mere allegations or

13   denials contained in its pleadings or briefs, but must come forward with specific facts showing the

14   presence of a genuine issue for trial.[24] As noted above, the requirement that a "genuine" issue of fact

15   must be present has been interpreted to mean that the evidence is such that a reasonable trier of fact

16

17   _____

18       [16] *Id*. at 248.

19       [17] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,
20   1356, 89 L. Ed. 2d 538 (1986).

21       [18] *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

22       [19] *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

23       [20] *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

24       [21] *Matsushita Elec. Indus. Co.,* 475 U.S. at 586

25       [22] Fed. R. Civ. P. 56(e).

26       [23] *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31
27   (9th Cir. 1987).

28       [24] *Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487 at *2 (9th Cir. 1995).

_____

MEMORANDUM OF POINTS AND AUTHORITIES    -4-                Case No.  C07-03396-JW-PVT

could return a verdict for the nonmoving party.[25]  Summary judgment is more than a "disfavored procedural shortcut," it is an important procedure "designed to 'secure the just, speedy and inexpensive determination of every action.' Fed. R. Civ. P. 1."[26]  One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose.[27]

## V.  SUMMARY OF ARGUMENT

A.    The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations of the FDCPA.

B.    Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous Violations of the Act, as Seen from the Perspective of the "Least Sophisticated Consumer."

C.    Defendants' Debt Collection Letter Violates 15 U.S.C. § 1692g(a)(4).

D.    Defendants' Debt Collection Letter Violates 15 U.S.C. §1692g(a)(5).

E.    Defendants Misrepresented Plaintiff's Right to Obtain a Copy of the Debt Verification or Judgment Against Her, in Violation of 15 U.S.C. §§ 1692e and 1692e(10).

F.    Defendants Misrepresented Plaintiff's Right to Obtain the Name and Address of the Original Creditor, If it Is Different than the Current Creditor, in Violation of 15 U.S.C. §§ 1692e and 1692e(10).

G.    This Court should award Plaintiff the maximum statutory damage amount of $1,000 under the FDCPA.

H.    Plaintiff Has a Statutory Right to Attorney's Fees and Costs.

## VI.  STATEMENT OF QUESTIONS PRESENTED

Have Defendants violated the Fair Debt Collection Practices Act?  If so, what is the amount of statutory damages that should be awarded to Plaintiff?

/ / /

/ / /

---

[25]  *Anderson*, 477 U.S. at 248

[26]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

[27]  *Id.*, at 323-324.

---

MEMORANDUM OF POINTS AND AUTHORITIES   -5-          Case No.  C07-03396-JW-PVT

# VII.  ARGUMENT

**A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."[28]  The statute is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.[29]  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.[30]  The FDCPA also requires the debt collector to provide the consumer with a notice of his or her validation rights.[31]

The United States Court of Appeals for the Ninth Circuit has held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated consumer."[32]  The "least sophisticated consumer" standard is objective—not subjective.[33]  Courts determine whether the "least sophisticated consumer" would be misled or deceived by the statements made in a collection letter as a matter of law.[34]

"The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[35]  "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

---

[28]  15 U.S.C. § 1692(e).

[29]  *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

[30]  15 U.S.C. §§ 1692d, 1692e, and 1692f.

[31]  15 U.S.C. § 1692g.

[32]  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988);  *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

[33]  *Swanson*, 869 F.2d at 1227.

[34]  *Wade*, 87 F.3d at 1100;  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977);  *Swanson*, 896 F.2d at 1225-26.

[35]  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

---

1   by preserving a quotient of reasonableness and presuming a basic level of understanding and

2   willingness to read with care."[36]

3        "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

4   summary judgment for the plaintiff."[37] "Because the Act imposes strict liability, a consumer need

5   not show intentional conduct by the debt collector to be entitled to damages."[38] Furthermore, the

6   question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

7   to the FDCPA.[39]

8        It is important to note that by protecting consumers from abusive, deceptive and unfair

9   collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

10  debt collection practices are not competitively disadvantaged.[40] Moreover, the FDCPA further

11  insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable

12  and civil manner.[41]

13       Accordingly, Plaintiff asserts that whether or not Defendants violated the FDCPA must be

14  evaluated from the standpoint of the "least sophisticated consumer."

15  ///

16  ///

17

18  _____

19  [36] *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted); *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6

20  F.3d 60 (2nd Cir. 1993); *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991); *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996)

21  ("the standard is low, close to the bottom of the sophistication meter").

22  [37] *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections*, 682 F.

23  Supp. 174, 178-9 (W.D.N.Y. 1988).

24  [38] *Russell*, 74 F.3d at 33; *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Bentley*, 6 F.3d at 62; *Clomon*, 988 F.2d at 1318.

25

26  [39] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker*, 677 F.2d at 777.

27  [40] 15 U.S.C. § 1692(e).

28  [41] *Baker*, 677 F.2d at 777.

_____

MEMORANDUM OF POINTS AND AUTHORITIES  -7-                    Case No.  C07-03396-JW-PVT

1  **B.   UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, PLAINTIFF HAS**
2  **PLED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER"**

3      To establish a violation of the FDCPA, one need only show that: (1) Plaintiff is a consumer,

4  (2) Plaintiff has been the object of collection activity arising from a consumer debt, (3) Defendant

5  collecting the "debt" is a "debt collector" as defined in the Act, and (4) Defendant has engaged in

6  any act or omission in violation of the prohibitions or requirements of the Act.[42]  Plaintiff has

7  pleaded and Defendants have admitted that: (1) Plaintiff is a consumer, (2) Defendants are debt

8  collectors, and (3) Defendants were attempting to collect a consumer debt.  The remainder of this

9  memorandum will show that the last element is also satisfied as a matter of law.

10      Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat

11  a motion to dismiss and support summary judgment for a Plaintiff.[43]  In light of this strict liability

12  standard, a consumer need not show intentional conduct by the debt collector in order to be entitled

13  to damages,[44] and there are no unimportant violations.[45]  Further, no proof of deception or actual

14  damages is required to obtain statutory remedies.[46]

15  / / /

16

17
_____

18  [42]  *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004);  *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998);  *De Coito v. Unifund Corp.*, 2004 U.S. Dist.
19  LEXIS 23729 at *8 (D. HI January 4, 2004);  *United States v. Trans Continental Affiliates*, 1997 U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

20  [43]  *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D.
21  Wis. 2002) ("One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation");  *See also Cacace*, 775 F. Supp.
22  at 505;  *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989);  *Picht v.
23  Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001);  *Bentley*, 6 F.3d at 62.

24  [44]  *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997).
25  *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

26  [45]  *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA);  *Taylor*, 103 F.3d at 1234
27  (failure "to comply with any provision of the FDCPA" leads to liability).

28  [46]  *Baker*, 677 F.2d at 780.

_____

MEMORANDUM OF POINTS AND AUTHORITIES   -8-                    Case No.  C07-03396-JW-PVT

**C.    DEFENDANTS' DEBT COLLECTION LETTER VIOLATES 15 U.S.C. § 1692g(a)(4)**

15 U.S.C. § 1692g(a) sets forth requirements that a debt collector must comply with when providing notice of a debt to a consumer.  These requirements state:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;
> >
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> >
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.[47]

Defendants' initial collection letter to Plaintiff reads in relevant part as follows:

> Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The second sentence above appears intended to provide the notice required by 15 U.S.C. § 1692g(a)(4), however, it fails for two reasons.  First, this sentence fails to inform the consumer that they must dispute the debt *in writing* to preserve her right to receive verification of the debt.  Second, the sentence fails to notify the consumer that any portion of the debt can be disputed to trigger the right to receive a verification.

---

[47]  15 U.S.C. § 1692g(a).

1    As to the first violation, the court in *McCabe v. Crawford & Company*,[48] found a violation

2    of § 1692g(a)(4) in a collection letter that read in relevant part:

3        Unless we hear from you within thirty (30) days after the receipt of this letter
         disputing this claim, Federal Law provides that this debt will be assumed to be valid
4        and owing. In the event you contact us and dispute the charges owed, we will
         promptly furnish you with any and all documentation to substantiate the claim.

5

6    The court held that:

7        Section 1692g(a) dictates that the debt collector shall send the consumer a written
         notice stating that upon *written* notification of a dispute, verification *must* be
         provided by the debt collector. 15 U.S.C. § 1692g(a)(4). [Debt collector] correctly
8        asserts that § 1692g(a)(4) does not expressly prevent the debt collector from
         providing verification of the debt upon *oral* notification of the dispute. However,
9        [debt collector] misses the point of the protection found in § 1692g(a)(4). Although
         a debt collector *may* provide verification upon *oral* notification, the debt collector
10       *must* provide verification upon *written* notification. If the debtor gives only *oral*
         notification of the dispute, the FDCPA imposes no requirement on the debt collector
11       to obtain verification of the debt. See *Fasten v. Zager*, 49 F. Supp. 2d 144, 149
         (E.D.N.Y. 1999) (holding that the debt collector was not required to obtain
12       verification upon oral notification of the dispute). Thus, by omitting the words "in
         writing," [debt collector] did not effectively convey to the consumer his rights under
13       the FDCPA and thus violated the Act.[49]

14   As to the second violation, the Ninth Circuit in *Baker v. G.C. Servs. Corp.*,[50] found a

15   violation of § 1692g(a)(4) in a collection letter that read in relevant part:

16       Verification of this debt, a copy of judgment or the name and address of the original
         creditor, if different from the current creditor, will be provided if requested in writing
17       within 30 days. Otherwise, the debt will be assumed to be valid.[51]

18   The court held that:

19       The clear language of the statute explicitly requires that a debtor shall be given
         notice that he may "dispute the validity of the debt, or any portion thereof . . . ." 15
20       U.S.C. § 1692g(a)(3). "In construing a statute we are obliged to give effect, if
         possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330,
21       339, 99 S. Ct. 2326, 2331, 60 L. Ed. 2d 931 (1979). Congress clearly required the

22

23       [48] 272 F. Supp. 2d 736 (N.D. Ill. 2003).

24       [49] *Id.* at 738 (emphasis in original); *see also Bankston v. Phycom Corp.*, 2007 U.S. Dist.
25   LEXIS 89284 (N.D. Cal. November 19, 2007) (J. Fogel); *Kreek v. Phycom Corporation*, 2007 U.S.
     Dist. LEXIS 30652 at *7-8 (N.D. Cal. April 26, 2007) (J. Ware); *Chan v. North American
26   Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353 at *13-20 (N.D. Cal. March 24, 2006) (J. Larson).

27       [50] 677 F.2d 775.

28       [51] *Id.* at 778.

---

MEMORANDUM OF POINTS AND AUTHORITIES -10-          Case No. C07-03396-JW-PVT

1    notice to inform the debtor that he could dispute any portion of the debt.[52]

2    Because Defendants' initial collection letter contains two separate violations of 15 U.S.C.

3    § 1692(a)(4), Plaintiff should be granted summary judgment on this issue.

4    **D.    DEFENDANTS' DEBT COLLECTION LETTER VIOLATES 15 U.S.C. §1692g(a)(5)**

5    As stated above, §1692(g)(a)(5) states that the debt collector must send the consumer a

6    written notice containing:

7
        a statement that, upon the consumer's written request within the thirty-day period,
        the debt collector will provide the consumer with the name and address of the
8       original creditor, if different from the current creditor.

9    Defendants' initial collection letter to Plaintiff reads in relevant part as follows:

10
        Unless you notify us within THIRTY (30) days after receiving this notice that you
        dispute the validity of this debt or any portion thereof, this office will assume this
11      debt is valid. If you notify this office within THIRTY (30) days from receiving this
        notice, this office will: obtain verification of the debt or obtain a copy of a judgment
12      and mail you a copy of such judgment or verification. If you request this office
        within THIRTY (30) days after receiving this notice, this office will provide you
13      with the name and address of the original creditor, if different from the current
        creditor[53].
14

15    The last sentence in this paragraph appears intended to provide the notice required by 15

16    U.S.C. § 1692g(a)(5). However, it fails because it does not inform the consumer that they must

17    make the request in writing. In *Camacho v. Bridgeport Financial Inc.*, the Ninth Circuit Court of

18    Appeals recently held that "[t]he plain meaning of § 1692g is that debtors can trigger the rights . .

19    . under subsections (a)(4) and (a)(5) only through written dispute."[54] Therefore, by omitting the

20    words "in writing," Defendants did not effectively convey to Plaintiff her rights under the FDCPA

21    and thus violated the Act. Because of Defendants' clear violation of § 1692g(a)(5), Plaintiff should

22    be granted summary judgment on this issue.

23    / / /

24    / / /

25    _____

26    [52] *Id.*

27    [53] <u>Plaintiff's Declaration</u>, Exhibit "1."

28    [54] *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005)

**E.    DEFENDANTS MISREPRESENTED PLAINTIFF'S RIGHT TO OBTAIN A COPY OF THE DEBT VERIFICATION OR JUDGMENT AGAINST HER, IN VIOLATION OF 15 U.S.C. §§ 1692e AND 1692e(10)**

15 U.S.C. § 1692e provides as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

As explained above, the June 4, 2007 collection letter from Defendants misrepresented Plaintiff's right to request verification of the debt being collected, or any portion thereof. Defendants' debt collection letter did not inform Plaintiff that she was required by the FDCPA to request validation of the debt *in writing* to preserve her rights under the Act.  This omission from the required disclosures misrepresented Plaintiff's right to obtain a copy of the debt verification, and thus violated 15 U.S.C. §§ 1692e and 1692e(10).

**F.    DEFENDANTS MISREPRESENTED PLAINTIFF'S RIGHT TO OBTAIN THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF IT IS DIFFERENT THAN THE CURRENT CREDITOR, IN VIOLATION OF 15 U.S.C. §§ 1692e AND 1692e(10)**

As shown above, Defendants' debt collection letter Defendants misrepresented Plaintiff's right to request the name and address of the original creditor, is different from the current creditor. Defendants' debt collection letter did not inform Plaintiff that she was required by the FDCPA to request this information *in writing* to preserve her rights under the Act.  This omission from the required disclosures misrepresented Plaintiff's right to obtain the name and address of the original creditor, and thus violated 15 U.S.C. §§ 1692e and 1692e(10).

**G.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA**

The maximum statutory damage award available under the Federal FDCPA is a modest $1,000.  Courts have therefore awarded the maximum amount even when the violations found were

less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[55] the court

awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in

relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice

was accurate, the court determined a $1,000 award was appropriate.  Here the notice is inaccurate

in at least four (4) respects.  Furthermore, in *Tolentino v. Friedman*,[56] the Seventh Circuit upheld the

maximum statutory award of $1,000 despite finding that only one provision of the FDCPA had been

proven.  In that case the debt collector had included a disclosure required 15 U.S.C. § 1692e(11) in

its initial notice, but had failed to include it in a subsequent notice.  The present case involves at

least 4 violations of the federal FDCPA.  Thus, the violations herein are more numerous and

meaningful than in those cases, and therefore the Court should award the maximum amount of

statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which is $1,000.

**H.     PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS**

The federal FDCPA directs a court to award attorney's fees to a prevailing consumer.[57]  A

number of cases decided under 15 U.S.C. § 1692k have held that an award of attorney fees and costs

is required if the plaintiff prevails.[58]  The Court should award the Plaintiff her reasonable attorney

fees and costs incurred in this matter.

### VIII.  CONCLUSION

For the reasons set forth above, the Plaintiff, as a matter of law, is entitled to summary

---

[55] 682 F. Supp. 174 (W.D.N.Y. 1988).

[56] 46 F.3d 645 (7th Cir. 1995).

[57] 15 U.S.C. § 1692k(a)(3).

[58] *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the amount of $100; and directing the court to award fees sufficient to compensate the attorney for the time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2nd Cir. 1989) (directing trial court to award fees on remand despite the lack of actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA); *Perez v. Perkiss*, 742 F.Supp. 883 (D.Del. 1990) (awarding Plaintiffs' legal services attorneys $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

1    judgment: 1) declaring that Defendants' collection letter (Exhibit "1") violates the Fair Debt

2    Collection Practices Act,  15 U.S.C. §§ 1692e and 1692e(10), 1692g(a)(4) and 1692g(a)(5);  2)

3    awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. §

4    1692k(a)(2)(A); 3) awarding Plaintiff the costs of this action and reasonable attorneys fees pursuant

5    to 15 U.S.C. § 1692k(a)(3);  and 4) awarding Plaintiff such other and further relief as may be just

6    and proper.

7                          CONSUMER LAW CENTER, INC.

8

9                          By: /s/ Fred W. Schwinn
                                Fred W. Schwinn, Esq.
                                Attorney for Plaintiff

10                         PATRICIA CLAIRE BANKSTON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28