TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Patenaude & Felix, A Professional Corporation
and Raymond Alcide Patenaude

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>Plaintiff,<br><br>vs.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California Corporation, and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>Defendants. | CASE NO.: C 07 03396 JW PVT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    February 25, 2008<br>Time:    9:00 a.m.<br>Crtrm.: 8, 4th Floor<br><br>The Honorable James Ware |

I.   **INTRODUCTION**

When Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), did it establish a "ceiling" that sets the maximum amount of protection that can be afforded to consumers, or did it build a "floor" for compliance, below which a debt collector may not go? Defendants submit that the FDCPA sets the floor, not the ceiling, and that their collection letter exceeded the minimum requirements of the Act. For this reason, and for the other reasons set forth herein, the motion for summary judgment filed by plaintiff Patricia Claire Bankston ("Bankston") must be denied.

Section 1692g of the FDCPA specifies that debt collectors must inform debtors that if they provide a timely <u>written</u> notice that they dispute the debt, or any portion thereof, or a timely <u>written</u> request for original creditor information, then the collector will mail the requested information. The Defendants' collection letter provides this notice to debtors, and more. The Defendants' letter informs debtors that <u>any</u> timely request by the debtor for verification or creditor information will be honored, whether written or oral. Defendants not only comply with the plain language of the FDCPA, they go beyond the Act's minimum requirements and make it <u>easier</u> for debtors to submit timely disputes. Defendants have no interest in pursuing claims if the debtor has a valid dispute.

Oddly, Bankston and her consumer rights attorney are urging this Court to find that Defendants <u>violated</u> the FDCPA by sending a letter which accurately describes Defendants' policy for providing consumers with <u>more</u> than the law requires. The Court should decline the invitation, as it would penalize Defendants for their efforts to exceed the FDCPA's minimum requirements, turning the Act on its head. For the reasons set forth herein, Bankston's motion should be denied. Indeed, based upon the undisputed facts in the record, the Court should enter summary judgment in favor of Defendants.

## II. ARGUMENT

### A. Standards Governing The Motion For Summary Judgment

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. Proc. 56(c). As the moving party, Plaintiff may initially discharge her burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*).

To survive this motion for summary judgment, Defendants "must present competent evidence that creates a genuine issue of material fact." *See Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002). The materiality of a fact is determined by the underlying substantive law. *See State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998). "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (affirming summary judgment on FDCPA claims).

Bankston correctly notes that this court applies the "least sophisticated debtor" standard in determining whether a collection letter sent to a debtor violates the FDCPA. *See Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). Thus, the Letter must be viewed objectively – not subjectively – from the standpoint of whether it is likely to deceive or mislead a hypothetical "least sophisticated debtor." *See id.*; *Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1989) (per curiam).

Courts that have adopted the "least sophisticated debtor" standard have acknowledged that it reflects the important balance between the need to protect consumers from deceptive and abusive collection practices, and the need to protect debt collectors from liability based upon unreasonable interpretations of collection letters. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). As the *Clomon* court explained:

> It should be emphasized that in crafting a norm that protects the naive and credulous, the courts have carefully preserved the concept of reasonableness. [The] *FDCPA does not extend to every bizarre or idiosyncratic interpretation of a collection notice* but does reach a reasonable interpretation of a notice by even the least sophisticated. Indeed, courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collections notices. . . . Other courts have held that even the 'least-sophisticated-consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.

*Id.* at 1319 (emphasis added, citations and quotation marks omitted).[1]

---

[1] *See also Chuway v. National Action Fin. Servs.*, 362 F.3d 944, 949 (7th Cir. 2004) (noting that *Clomon* had "sensibly" added that the standard must be applied "in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices"); *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (Posner, C.J.) ("Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one."); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (the standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials"); *United States v. National Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (the standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.").

### B.      The FDCPA Was Passed To Prohibit Harassment And Abuse

When evaluating the Plaintiff's claims, it is useful to consider the FDCPA in its context.  The Act was not designed to penalize collectors for minor grammatical errors allegedly contained in their collection letters.  Rather, Congress passed the Act in 1977 in an effort to protect consumers from serious threats, harassment, abuse and other deceptive practices that might be utilized by unscrupulous debt collectors.  *See* 15 U.S.C. § 1692; *Pressley v. Capital Credit and Collection*, 760 F.2d 922, 925 (9th Cir. 1985) (purpose of Act "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors") (citation omitted).  As the Ninth Circuit recently observed,

> The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment and deceptive collection practices. . . . Congress was concerned with disruptive, threatening, and dishonest tactics.  The Senate Report accompanying the Act cites practices such as 'threats of violence, telephone calls at unreasonable hours [and] misrepresentation of consumer's legal rights.' (Citation).  **In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which, in the words of the Seventh Circuit, 'would likely disrupt a debtor's life.'** (Citation).

*Guerrero v. RJM Acquisitions LLC*, 499 F. 3d 926, 938-39 (9th Cir. 2007) (emphasis added).

The purpose of the FDCPA is to prevent harassment and abuse.  The Act was never intended to penalize collectors who not only comply with its requirements, but also provide debtors with additional protections not mandated by the Act.  Indeed, Congress specifically stated that one purpose of the Act was to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ." *See* 15 U.S.C. § 1692.  It is evident that Congress was setting a "floor" and not a "ceiling."  In fact, the FDCPA provides that states are free to pass laws which provide consumers with <u>greater</u> protection than the Act.  *See id*. § 1692n ("[A] State law in not inconsistent

with this title if the protection such law affords to any consumer is greater than the protection provided by this title.").

### C. There Is No Violation Of Section 1692g of the FDCPA, Because The Letter Properly States That Defendants Will Honor All Disputes And Requests, Oral Or Written, That Are Made Within The 30-Day Period

Bankston argues that Defendants' Letter violates section 1692g(a)(4) and 1692g(a)(5) of the FDCPA, because it allegedly fails to properly notify her of her right to seek verification of the debt and the name of the original creditor. *See* Memorandum of Points And Authorities In Support of Motion For Summary Judgment (Docket 19-3) (hereinafter "Plaintiff's Memo") at 9-11. Bankston is wrong, however, because the Letter does provide her with proper notice.

The Letter informs Bankston that if she fails to "notify this office" within the 30-day period that she disputes of the debt or any portion thereof, then Defendants will assume the debt is valid, but if she does "notify this office" within that period, Defendants will obtain verification of the debt and mail it to her. *See* Complaint, Ex. 1. There is no restriction on whether Bankston's notice to Defendants must be made in writing or orally. The language of the Letter necessarily includes a commitment to honor all timely written requests for verification (which is all that section 1692g(a)(4) of the Act expressly requires).

The Letter also informs Bankston that if she makes any "request" to Defendants within the 30-day period, Defendants will provide her with information regarding the name of the creditor. *Id.* Once again, the Letter does not prohibit Bankston from making this "request" orally or in writing. It therefore necessarily <u>includes</u> a commitment to honor all <u>written</u> requests for information about the creditor, consistent with section 1692g(a)(5) of the Act.

Bankston correctly notes that the FDCPA only <u>requires</u> collectors to notify debtors that they will respond to <u>written</u> requests for verification or original creditor information made by debtors within the 30-day period. *See* 15 U.S.C. §§

1692g(a)(4), 1692g(a)(5).  But as this Court has recognized, the FDCPA does not <u>prohibit</u> collectors from providing debtors with extra rights which go beyond the Act's minimum requirements.  *See e.g., Wan v. Commercial Recovery Systems, Inc.*, 369 F. Supp. 2d 1158, 1165 (N.D. Cal. 2005) (collector not <u>prohibited</u> from notifying debtor of right to submit written request to cease further communications consistent with section 1692c(c) of the FDCPA, even though such notice was not <u>required</u> by the Act).  Section 1692g of the Act does not prohibit collectors from responding to both written <u>and</u> oral requests or disputes.

Courts have repeatedly rejected the notion that a collector can only comply with section 1692g of the FDCPA by using a "verbatim" recitation of the statute.  *See, e.g., Parker v. CRME,* 2007 WL 3276322, *3 (S.D. Cal. Nov. 5th, 2007) ("the court rejects the notion that only a verbatim recitation of the language contained in § 1692g(a) complies with Congressional intent. . . . Congress knows how to require express verbatim notice, but did not do so here (citation)."); *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997) (approving section 1692g notice which did not use verbatim language of the statute); *Greco v. Trauner, Cohen & Thomas*, 412 F.3d 360, 366-66 (2nd Cir. 2005) (no violation of section 1692g(a)(3) where letter stated debt would be assumed valid "by the creditor" and by the collector).

The Letter accurately reflects Defendants' policy of responding to all disputes and requests – written or oral – received within the 30-day period.  *See* Declaration of Raymond A. Patenaude In Support of Defendants' Opposition To Plaintiff's Motion For Summary Judgment ("Patenaude Decl."), ¶¶ 4-7.  Even the "least sophisticated debtor" would understand this.  The Letter exceeds the requirements of the FDCPA.  There is no violation.

**D. The Authorities Relied Upon By Bankston Are Distinguishable And Do Not Support Her Claim That Defendants' Letter Violated Section 1692g(a)(4) or 1692g(a)(5) Of The FDCPA**

Bankston relies upon two Ninth Circuit decision in support of her claims under sections 1692g(a)(4) and 1692g(a)(5) of the Act. Neither case helps her.

In *Camacho v. Bridgeport Financial Inc.*, 430 F. 3d 1078 (9th Cir. 2005), the court did <u>not</u> hold that section 1692g(a)(5) of the FDCPA prohibits a collector from informing debtors that it will honor oral requests for validation or creditor information, as Bankston implies. *See* Plaintiff's Memo at 11. In fact, *Camacho* did not involve section 1692g(a)(5), so it does not apply here. The court in *Camacho* held that a collection letter violated a different subsection the FDCPA – section 1692g(a)(3) – because the letter informed debtors that they must dispute the debt "in writing" or the debt would be assumed valid. *See Camacho*, 430 F.3d at 1082. The Ninth Circuit rejected the collector's argument that the words "in writing" should be implied into section 1692g(a)(3) of the Act, and the court engaged in a lengthy analysis of the important role that oral disputes play within the statutory scheme. *Id*. at 1081-82 (" . . . an oral dispute triggers multiple statutory protections.").

Here, not only is Defendants' Letter consistent with *Camacho*, it exceeds the requirements of *Camacho* and the FDCPA. The letter in *Camacho* arguably <u>undermined</u> a consumer's right to orally dispute a debt, contrary to section 1692g(a)(3), by telling the consumer that the collector would continue to assume the debt is valid even after an oral dispute was made. *See Camacho*, 430 F.3d at 1082. By contrast, Defendants' Letter <u>elevates</u> the importance of oral disputes, by accurately informing the debtor that Defendants will provide verification or creditor information if an oral dispute is submitted.

Bankston also relies on *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982), and she claims *Baker* held that a collector's letter violated section

1692g(a)(4) of the FDCPA. *See* Plaintiff's Memo at 10. This is not correct. To the contrary, the *Baker* court observed that the defendant's letter *complied* with section 1692g(a)(4). *See Baker*, 677 F.2d at 778 ("Appellant's notice does contain a statement that verification of the debt will be provided if requested in writing, as required by 15 U.S.C. § 1692g(a)(4).") (emphasis added).

Here, as in *Baker*, Defendants' letter complies with section 1692g(a)(4), because it notifies Bankston that verification will be provided upon any request, written or oral, within the 30-day period. *See* Complaint, Ex. 1.[2]

Nor are the district court cases cited by Bankston controlling or persuasive here. The three cases decided by this Court dealt with letters containing different language than the language at issue here, and all three cases arose in the context of a motion to dismiss, not a summary judgment motion, so there was no evidence before the Court on whether those defendants honored oral requests. *See Bankston v. Phycom Corp.*, 2007 WL 4170672 (N.D. Cal. Nov. 19, 2007); *Kreek v. Phycom Corp.*, 2007 WL 1229315, *3 (N.D. Cal. Apr. 25, 2007) (noting that Defendant had improperly sought to introduce evidence in the context of a motion to dismiss); *Chan v. North Am. Collectors, Inc.*, 2006 WL 778642 (N.D. Cal. 2006). Nor was any evidence presented on whether the defendant honored oral requests in *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736 (N. D. Ill. 2003), and the letter in *McCabe* (unlike Defendants' Letter here) completely failed to inform the debtor that he could dispute "any portion" of the debt. *Id*. at 738.

---

[2] The Ninth Circuit in *Baker* affirmed the ruling that the letter violated section 1692g(a)(3) of the Act, because it not only failed to inform the debtor that he could dispute any portion of the debt, it "barely informs the debtor that he may even dispute the entire debt." *See Baker*, 677 F. 2d at 778. Here, Bankston does not allege that the Letter violates section 1692g(a)(3), nor could she, since the Letter properly informs her that she may dispute the debt or any portion thereof. *See* Complaint, Ex. 1.

    **E.    There Is No Violation of Section 1692e of the FDCPA Because The Letter Does Not Misstate The Debtor's Ability To Obtain Verification Or The Name Of The Creditor**

Bankston's claims under section 1692e and 1692e(10) of the FDCPA must fail, because they are completely derivative of her defective section 1692g claim. To support her section 1692e claims, Bankston simply argues that Defendants misrepresented her rights under section 1692g of the Act to obtain verification of the debt, or the name of the original creditor. *See* Plaintiff's Memo at 12. As previously discussed, however, Defendants have not violated section 1692g of the Act, because they have not misstated Bankston's rights.

If the Letter stated that all disputes would be honored, but then Defendants had failed to honor oral disputes, Bankston might properly argue that the Letter contained a false and misleading statement. But those are not the facts. Here, as set forth in the Patenaude Declaration, all disputes received during the 30-day period are treated equally. *See* Patenaude Decl. ¶¶ 6-7. The Letter accurately states Defendants' verification policy.

For these reasons, Bankston's section 1692e claims must fail as well. *See, e.g., Renick v. Dun & Bradstreet Receivables*, 290 F.3d 1055, 1057-58 (9th Cir. 2002) (section 1692e claim failed where there was no violation of section 1692g). Summary judgment should be entered for Defendants on this claim.

    **F.    Summary Judgment Should Not Be Granted For Bankston Because Any Error Committed By Defendants Was A Bona Fide Error So No Liability Will Attach**

Even if this Court were to accept Bankston's theory and find that the Letter violates the FDCPA, the Court should not enter summary judgment for Bankston, in light of Defendants' "bona fide error" defense. *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not

intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.").

The "bona fide error" defense applies here, because the undisputed record shows that Defendants were not only seeking to comply with the FDCPA, but they also employed language in their collection letter that was expressly intended to provid debtors with <u>more</u> rights than the Act requires. *See* Patenaude Declaration at ¶¶ 4-7. If any error occurred with respect to the wording that the Defendants utilized in their effort to comply with the Act, it was a clerical error and was not intentional. *Id.* At a bare minimum, a triable issue of fact exists on this defense. Summary judgment for Bankston should be denied.

### III.  **CONCLUSION**

Defendants' Letter does not violate the FDCPA. Defendants honor all timely requests for verification and creditor information, and the Letter accurately advises debtors of this. There is nothing to prevent Defendants from providing debtors with more than the Act demands. There is nothing false, deceptive or misleading about the Letter.

For each of the foregoing reasons, Defendants respectfully request that the Court deny Bankston's motion for summary judgment, and ask the Court to enter summary judgment in favor of Defendants on all claims.

DATED: February 4, 2008          SIMMONDS & NARITA LLP
                                 TOMIO B. NARITA
                                 JEFFREY A. TOPOR


                                 By:   /Tomio B. Narita/
                                       Tomio B. Narita
                                       Attorneys for defendants
                                       Patenaude & Felix, A Professional
                                       Corporation and Raymond Alcide
                                       Patenaude