TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Patenaude & Felix, A Professional Corporation
and Raymond Alcide Patenaude

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| PATRICIA CLAIRE BANKSTON, | CASE NO.: C 07 03396 JW PVT |
|---|---|
| Plaintiff, | **DECLARATION OF RAYMOND A. PATENAUDE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California Corporation, and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity, | Date:   February 25, 2008
Time:   9:00 a.m.
Crtrm.: 8, 4th Floor

The Honorable James Ware |
| Defendants. | |

BANKSTON V. PATENAUDE & FELIX ET AL. (CASE NO. C 07 03396 JW PVT)
PATENAUDE DECLARATION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

I, Raymond A. Patenaude, declare as follows:

1. I am a named defendant in this action. I am the sole owner of defendant Patenaude & Felix, A.P.C., a professional law corporation. I am an attorney admitted to the Bar of the State of California and licensed to practice before all of the courts of the State of California. I make this declaration in opposition to Plaintiff's summary judgment motion based upon my personal knowledge, and if called upon, I could and would testify competently to its contents.

2. I have been a member of the California Bar for over twenty years. During the past ten years, I have devoted a large portion of my law practice to representing creditors in connection with consumer debt collection litigation. As such, I am familiar with the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). I make every effort to comply with the FDCPA, as well as other federal and state laws bearing on collection litigation. I review published court opinions which interpret the FDCPA so I can be aware of how those decisions might bear upon my practice. I receive compliance updates and continuing legal education training concerning FDCPA developments through my association with various industry associations, such as the National Association of Retail Collection Attorneys and the California Creditors Bar Association. I also regularly consult with other collection attorneys and compliance attorneys to discuss recent legal developments that may impact consumer collection litigation.

3. I am aware that the FDCPA generally prohibits debt collectors from making false or misleading statements to debtors. I personally review and approve the form of all of the letters that are sent to debtors by my law firm, and I make every effort to ensure that the text of the letters clearly and accurately reflect the information that we are attempting to communicate to the debtor. If a collection

1 letter is prepared for my signature, I personally review its contents and all relevant
2 portions of the debtor's file before I make the decision to send the letter.

3     4.    I am aware that section 1692g of the FDCPA mandates that collectors
4 must advise debtors of certain rights that debtors have with respect to disputing
5 debts and seeking verification of debts.  For this reason, my law firm always sends
6 a letter to each debtor as its initial communication to them, advising them of their
7 right to dispute the debt and seek verification.  I personally reviewed and approved
8 the letter that is at issue in this case, which is attached as Exhibit 1 to the
9 complaint in this action.

10     5.    It is my understanding, based upon my reading of the FDCPA, and
11 my experience and training in collection matters, that if a debtor does not dispute
12 the debt (or any portion of a debt) in <u>writing</u> within the thirty-day period set forth
13 in section 1692g of the FDCPA, then the Act does <u>not</u> require a debt collector to
14 cease collection efforts and provide appropriate verification of the debt.  In
15 addition, I understand that if the debtor does not request in <u>writing</u> within the
16 thirty-day period the name and address of the original creditor, if different from
17 the current creditor, then the Act does <u>not</u> require a collector to cease collection
18 efforts and provide that information to the debtor.  It is also my understanding,
19 however, that the FDCPA does not prohibit debt collectors from providing debtors
20 with greater protection than the law demands, and that the FDCPA does not
21 prevent collectors from treating <u>oral</u> disputes received during the 30-day period in
22 the same way that they respond to written disputes.

23     6.    I made a decision years ago that my firm would honor <u>all</u> disputes and
24 requests for creditor information received from debtors within the 30-day period,
25 regardless of whether the request was provided by the debtor orally or in writing.
26 Although we are not required by law to honor oral disputes or requests under these
27 circumstances, I believe that my policy of honoring all requests received during
28

the 30-day period complies with the law and makes good business sense. If a debtor has a dispute with respect to a debt, or is unsure of the identity of the original creditor, I want our firm to know this so that we can investigate the matter. I do not want my firm or my clients to expend time and money pursuing debts if the debtor has a legitimate dispute.

7. The letter sent to Plaintiff, which is attached as Exhibit 1 to the complaint in this action, accurately describes my office's policy with respect to handling disputes and requests from debtors made within the 30-day validation period. It is my understanding and belief that the letter is drafted consistent with the requirements of the FDCPA, and that it in fact exceeds those requirements. If the debtor notifies my office – either orally or in writing – within thirty days of receiving our initial letter that they dispute the validity of the debt or any portion thereof, then my office will obtain verification of the debt or a copy of the judgment, and we will mail it to the debtor. If requested by the debtor – either orally or in writing – within the thirty-day period, we will provide the name and address of the original creditor, if it is different from the current creditor. It is our policy to cease collection efforts consistent with the FDCPA until the verification, judgment or creditor information has been mailed to the debtor.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in San Diego, California, this 1st day of February, 2008.

_____
Raymond A. Patenaude