Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
PATRICIA CLAIRE BANKSTON

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>        Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation, and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity,<br><br>        Defendant. | Case No. C07-03396-JW-PVT<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:         February 25, 2008<br>Time:        9:00 a.m.<br>Judge:       Honorable James Ware<br>Courtroom: Courtroom 8, 4th Floor<br>Place:        280 South First Street<br>                   San Jose, California |

COMES NOW the Plaintiff, PATRICIA CLAIRE BANKSTON, by and through her attorney Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits her Reply Memorandum in Support of Motion for Summary Judgment.

## POINTS AND AUTHORITIES

**I.    The FDCPA Is a Strict Liability Statute Which Was Enacted to Prohibit False, Misleading, Deceptive and Unfair Collection Practices.**

Defendants' assert that, "When evaluating Plaintiff's claims, it is useful to consider the FDCPA in its context." Plaintiff whole-hearted agrees with this statement, however, she disagrees with Defendants' attempt to minimize the importance of Congress' disclosure language and its purpose. The FDCPA was enacted "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt

-1-

REPLY MEMORANDUM                                                                                                    Case No. C07-03396-JW-PVT

1  collectors."[1]  Congress carefully crafted the FDCPA to carry out this purpose, "expressly
2  prohibit[ing] a host of harassing, deceptive, and unfair debt collection practices. . . In addition to
3  these specific prohibitions, [the FDCPA] prohibits in general terms any harassing, unfair, or
4  deceptive collection practice."[2] This means that <u>each and every</u> violation enumerated in the FDCPA
5  is an example of an unfair debt collection practice, and therefore worthy of, and requiring the full
6  force and attention of this Court.

7  Additionally, it is important to remember that the FDCPA is a <u>strict liability</u> statute.[3]  The
8  burden on debt collectors is not particularly onerous or burdensome - debt collectors are merely
9  required to act fairly while collecting debts from consumers.  Defendants' distorted collection
10 letter violates the *Fair* Debt Collection Practices Act, and is thus inherently "unfair" according to
11 Congress.  Congress set a low threshold to establish a violation of the act to ensure compliance.

12 **II.    Defendants Failed to Inform Plaintiff of Her Rights under the FDCPA**

13 Defendants attempt to avoid liability for violating the FDCPA by arguing that Defendants'
14 "Letter exceeds the requirements of the FDCPA."[4] Defendants then proffer an unoriginal argument
15 in support their position, which is summarized in their brief as follows:

> Section 1692g of the FDCPA specifies that debt collectors must inform debtors that
> if they provide a timely written notice that they dispute the debt, or any portion
> thereof, or a timely written request for original creditor information, then the
> collector will mail the requested information.  The Defendants' collection letter
> provides this notice to debtors, and more.  The Defendant's letter informs debtors
> that any timely request by the debtor for verification or creditor information will be
> honored, whether written or oral.  Defendants not only comply with the plain
> language of the FDCPA, they go beyond the Act's minimum requirements and make
> it easier for debtors to submit timely disputes.  Defendants have no interest in

---

[1] S. Rep. No. 382, 95th Cong., 1st Sess. 1977 at 1, *see also,* 15 U.S.C. § 1692.

[2] S. Rep. No. 382, 95th Cong., 1st Sess. 1977 at 4.

[3] *Clark v. Capital Credit & Collection Services.*, 460 F.3d 1162, 1175 (9th Cir. 2006), *citing, Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238-39 (5th Cir. 1997), *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996), *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000),  *Pittman v. J.J. MacIntyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997), *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, (D. Nev. 1994).

[4] Defendants' <u>Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment</u> (Doc. 23) (hereinafter "Defendants' <u>Opposition</u>") at 6:23-24.

pursuing claims if the debtor has a valid dispute.[5]

This exact argument was raised and rejected by the court in *McCabe v. Crawford & Co.*[6] As in the case at bar, *McCabe* involved a collection letter which failed to inform the consumer-plaintiff that 15 U.S.C. § 1692(g)(4) requires a dispute of the debt to be in writing.

> McCabe alleges that Crawford's letter violates § 1692g(a)(4) in two ways. First, Crawford's letter does not notify the debtor that he must dispute the debt in writing. By stating "unless we hear from you" and "in the event you contact us," McCabe asserts that the debtor is led to believe that he should call Crawford rather than write, which leads the debtor to forego his rights under § 1692g(b) since they are only triggered upon the receipt of a written document disputing the debt. Crawford responds that even if the letter "technically" violates the Act by omitting the words "in writing," it honors the spirit of the Act because Crawford is willing to provide verification of the debt even if the debtor only notifies Crawford orally that the debt is disputed. Crawford submits that by allowing the debtor to give either written or oral notification, it has gone above and beyond its duty under § 1692g(a).
>
> We do not agree that Crawford fulfilled its duty under the FDCPA and hold that omitting the words "in writing" was a violation of § 1692g(a). The debt collector in *Grief* made a similar argument when the words "in writing" were omitted from the validation notice, contending that he was prepared to give the required rights to consumers upon either written or oral notification. *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002). The court rejected this argument stating that because the FDCPA is a strict liability statute, the intentions of the debt collector were irrelevant and, therefore, failure to provide the required information was a violation of the Act. *Grief*, 217 F. Supp. 2d at 340. We agree.
>
> . . .
>
> In addition, the plain language of the FDCPA itself prevents us from adopting Crawford's argument. Section 1692g(a) dictates that the debt collector shall send the consumer a written notice stating that upon written notification of a dispute, verification must be provided by the debt collector. 15 U.S.C. § 1692g(a)(4). Crawford correctly asserts that § 1692g(a)(4) does not expressly prevent the debt collector from providing verification of the debt upon oral notification of the dispute. However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector may provide verification upon oral notification, the debt collector must provide verification upon written notification. If the debtor gives only oral notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt. See *Fasten v. Zager*, 49 F. Supp. 2d 144, 149 (E.D.N.Y. 1999) (holding that the debt collector was not required to obtain verification upon oral notification of the dispute). Thus, by omitting the words "in writing," Crawford did not effectively convey to the consumer his rights under the FDCPA and thus violated the Act. See *Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (stating that a "debt collector violates the Act if it fails to

---

[5] Defendants' Opposition at 1:10-19.

[6] 272 F. Supp. 2d 736 (E.D. Ill. 2003).

convey the information required by the Act").[7]

The reasoning of the *McCabe* court is also applicable to the Plaintiff's allegation that Defendants in this case violated 15 U.S.C. § 1692g(a)(5). Section 1692g(a)(5) requires debt collectors to disclose that "upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."[8] Both 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5) require debt collectors to disclose to consumers that a writing is required, and simply put, Defendants <u>failed</u> to inform Plaintiff that this was her right under the FDCPA. The failure to inform Plaintiff of her rights is a violation of the FDCPA.

Finally, it cannot be left unnoted that Defendants have not cited a <u>single</u> case which supports the theory upon which they oppose Plaintiff's Motion for Summary Judgment.

**III.   Defendants' Have Unsuccessfully Attempted to Distinguish this Case from Relevant Judicial Precedent**

In an attempt to distance this case from several relevant judicial opinions, including the *McCabe* case discussed above, Defendants' attempt to distinguish the facts of these cases by relying on an alleged policy to honor oral disputes and requests for creditor information from consumers.

Defendants first attack Plaintiff's reliance on *Camacho v. Bridgeport Financial Inc.*,[9] which examined the plain meaning of 15 U.S.C. § 1692g, and a consumer's rights under this section. In examining the FDCPA, the 9th Circuit Court of Appeals stated, "The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute."[10] Defendants argue that,

Here, not only is Defendants' Letter consistent with *Camacho*, it exceeds the

---

[7] *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742-744 (E.D. Ill. 2003).

[8] 15 U.S.C. § 1692g(a)(5) (emphasis added).

[9] 430 F.3d 1078 (9th Cir. 2005).

[10] *Camacho v. Bridgeport Financial Inc.,* 430 F.3d 1078, 1081 (9th Cir. 2005).

-4-

> requirements of *Camacho* and the FDCPA . . . Defendants' Letter <u>elevates</u> the importance of oral disputes, by accurately informing the debtor that Defendants will provide verification or creditor information if an oral dispute is submitted.[11]

However, as explained above, Defendants' alleged policy of honoring oral disputes is irrelevant and does *not* excuse Defendants from the notice requirements of 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5). Defendants' attempt to distance themselves from the analysis of the 9th Circuit is specious at best.

Defendants misconstrue Plaintiff's reason for citing *Baker v. G.C. Services Corp.*,[12] stating that "[Plaintiff] claims *Baker* held that a collector's letter violated section 1692g(a)(4) of the FDCPA. To the contrary, the *Baker* court observed that the defendant's letter *complied* with section 1692g(a)(4)."[13] Plaintiff does not assert that the *Baker* court found a violation of 1692g(a)(4), but instead relies on the holding in *Baker* to demonstrate that there is no "substantial compliance" argument that can be made with respect to the disclosure requirement of 15 U.S.C. § 1692g.

In *Baker*, a debt collector failed to include the words "or a portion thereof" within its collection letter, thereby violating 15 U.S.C. § 1692g(a)(3), which requires debt collectors to inform a consumer "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."[14] In finding a violation of the FDCPA, the *Baker* opinion illustrates that the disclosures required by 15 U.S.C. § 1692g must be fully and completely provided to the consumer. This is true, whether the debt collector fails to include the phrase "or portion thereof" or that the consumer's dispute must be "in writing" in order to be entitled to verification of the debt being collected.

Defendants' attack Plaintiff's reliance on several cases out of the Northern District of California, all of which contained allegations similar to those in the case at bar, by stating:

> the three cases decided by this Court dealt with letters containing different language

---

[11] Defendants' <u>Opposition</u> 7:18-25 (emphasis in original) (internal citations omitted).

[12] 677 F.2d 775 (9th Cir. 1982).

[13] Defendants' <u>Opposition</u> 7:27 to 8:3 (emphasis in original) (internal citations omitted).

[14] 15 U.S.C. § 1692g(a)(3).

than the language at issue here, and all three cases arose in the context of a motion to dismiss, not a summary judgment motion, so there was no evidence before the Court on whether those defendants honored oral requests.

Both of Defendants' arguments fail to render these decisions inapplicable. The three cases cited by Plaintiff from the Northern District of California all involve collection letters with language similar to the case at bar. Defendants' collection letter states,

> Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.[15]

In *Bankston v. Phycom Corp.*,[16] the collection letter stated "If you notify this office within 30 days from receiving this notice, the office will: obtain verification of the debt . . . and mail a copy to you."[17] In *Kreek v. Phycom Corporation*,[18] the collection letter stated,

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, the office will: obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification to you.[19]

Finally, the collection letter in *Chan v. North American Collectors, Inc.*,[20] stated,

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this

---

[15] Declaration of Patricia Claire Bankston in Support of Motion for Summary Judgment (Doc. 19) Exhibit "1"; Exhibits "2" and "3", Admission Nos. 6 and 7.

[16] 2007 U.S. Dist. LEXIS 89284 (N.D. Cal. November 19, 2007) (J. Fogel).

[17] *Bankston v. Phycom Corp.*, 2007 U.S. Dist. LEXIS 89284 at *3 (N.D. Cal. November 19, 2007) (J. Fogel).

[18] 2007 U.S. Dist. LEXIS 30652 (N.D. Cal. April 26, 2007) (J. Ware).

[19] *Kreek v. Phycom Corporation*, 2007 U.S. Dist. LEXIS 30652 at *6 (N.D. Cal. April 26, 2007) (J. Ware).

[20] 2006 U.S. Dist. LEXIS 13353 (N.D. Cal. March 24, 2006) (J. Larson).

-6-

> office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.[21]

The language is nearly identical in all four of these letters, and all contain issues with the "in writing" notice requirement of 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5). Any attempt by the Defendants to distinguish these cases based on the subject collection letters is a sham.

Similarly, Defendants' assertion that it is inappropriate to rely on these cases because, "there was no evidence before the Court on whether those defendants honored oral requests" is flawed for two reasons. Firstly, as discussed above, whether or not an oral request would be honored is immaterial, as 15 U.S.C. § 1692g is a *disclosure* requirement and the "in writing" requirement of the statute *must* be disclosed to the consumer.[22] Secondly, each case recognizes that 15 U.S.C. § 1692g is a disclosure statute and that the Complaint, in each case, alleged a sufficient cause of action because the collection letters did not provide the correct disclosure.[23]

---

[21] *Chan v. North American Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353 at *14 (N.D. Cal. March 24, 2006) (J. Larson).

[22] *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736.

[23] *Bankston v. Phycom Corp.*, 2007 U.S. Dist. LEXIS 89284 at *7-8 (N.D. Cal. November 19, 2007) (J. Fogel) ("[Phycom] argues that the language actually provides greater rights for Bankston because it indicates that Bankston may receive a copy of the debt verification in response to an oral request. Phycom asserts that, in this sense, the letter comports with the intent of the FCDPA, which is to eliminate abusive debt collection practices. Bankston argues in opposition that the 'in writing' requirement is significant because written notification imposes a statutory duty to respond while oral notification does not. The Court concludes that Bankston has alleged sufficient facts to establish a claim that the letter violated § 1692g; the Court need not reach the question as to whether Phycom satisfied the statutory requirements with respect to the name and address of the creditor."); *Kreek v. Phycom Corporation*, 2007 U.S. Dist. LEXIS 30652 at *6-8 (N.D. Cal. April 26, 2007) (J. Ware) ("Plaintiff alleges that Defendant's letter failed to provide a proper validation notice of Plaintiff's rights under 15 U.S.C. § 1692(g). . . Defendant concedes that its letter did not contain the phrase 'in writing' as required by § 1692(g)(a)(4). . . the Court finds that Plaintiff has alleged sufficient facts to establish a claim under 1692(g)."); *Chan v. North American Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353 at *15 (N.D. Cal. March 24, 2006) (J. Larson) ("The first sentence quoted above provides the notice required by 15 U.S.C. § 1692g(a)(3), and the third sentence provides the notice required by 15 U.S.C. § 1692g(a)(5). Therefore, the second sentence must be intended to provide the notice required by 15 U.S.C. § 1692g(a)(4). However, it fails . . . this sentence fails to inform the consumer that he must dispute the debt in writing to preserve his

-7-

REPLY MEMORANDUM                                                        Case No. C07-03396-JW-PVT

### IV. Defendants Violated 15 U.S.C. § 1692e

Defendants assert that,

> Bankston's claims under section 1692e and 1692e(10) of the FDCPA must fail, because they are completely derivative of her defective section 1692g claim . . . Defendants have not violated section 1692g of the Act, because they have not mistated Bankston's rights. . . For these reasons, Bankston's section 1692e claims must fail as well.[24]

However, as explained above, Defendants have violated 15 U.S.C. § 1692g. Therefore, Plaintiff's claims under 15 U.S.C. § 1692e, which are thoroughly detailed in her Memorandum in Support of Motion for Summary Judgment[25] are valid. Plaintiff should be granted summary judgment on these issues.

### V. Defendants Have Fabricated a Bona Fide Error Defense to Avoid Liability

As a last minute attempt to avoid liability, Defendants' counsel has constructed a bona fide error defense out of whole-cloth, stating,

> The "bona-fide error" defense applies here, because the undisputed record shows that Defendants were not only seeking to comply with the FDCPA, but they also employed language in their collection letter that was expressly intended to provid [sic] debtors with more rights than the Act requires. . . If any error occurred with respect to the wording that the Defendants utilized in their effort to comply with the Act, it was a clerical error and was not intentional.[26]

Plaintiff respectfully asks the Court to view this argument for what it is—a recently manufactured diversion from the issue.

Defendants' "bona fide error" defense must fail because it is not supported by the "undisputed record" in this case. Prior to entry of new defense counsel, Defendants had not disclosed a bona fide error defense. In fact, the first communication between Defendants and Plaintiff's counsel mentioned nothing of a bona fide error and simply asserted that Plaintiff's understanding of the law was incorrect and that Defendants viewed Plaintiff's complaint to be

---

right to receive verification of the debt.").

[24] Defendants' Opposition at 9:3-19.

[25] (Doc. 19).

[26] Defendants' Opposition at 10:3-10 (emphasis in original).

-8-

REPLY MEMORANDUM                                                  Case No. C07-03396-JW-PVT

1 frivolous.[27]

2 Similarly, no information about a bona fide error defense has been provided by Defendant PATENAUDE & FELIX in response to Plaintiff's discovery requests, specifically Interrogatory Number 14, which asked the Defendant to, "Please state in complete detail the facts upon which YOU rely for each affirmative defense listed in YOUR Answer."[28] Defendant, PATENAUDE & FELIX, answered by making the same argument made in their July 5, 2007, letter to Plaintiff's Counsel:

> Plaintiff [sic] contends that the June 4, 2007, "dunning letter" does not violate 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(5) (FDCPA), since it is not required, and has even been held to be improper to require that the dispute be in writing it is Defendants belief that by including language in the "dunning letter' sent to Plaintiff that any dispute needs to be in writing goes against the holding in Camacho v. Bridgeport Financial Inc. 430 F.3d 1078 (9th Cir. 2005).[29]

At no time did Defendants discuss or disclose any facts which would support a bona fide error defense.

Finally, it is evident that there are no facts to support a bona fide defense from the Defendants' very own Opposition to Plaintiff's Motion for Summary Judgment. Defendants' new counsel states, "If any error occurred with respect to the wording that the Defendants utilized in their effort to comply with the Act, it was a clerical error and was not intentional."[30] However, this is directly contrary to the declaration submitted by Defendant, RAYMOND A. PATENAUDE, in which he swears, "I personally reviewed and approved the letter that is at issue in this case, which is attached to Exhibit 1 to the complaint in this action."[31] "The letter sent to Plaintiff, which is

---

[27] Supplemental Declaration of Fred W. Schwinn in Support of Plaintiff's Motion for Summary Judgment (hereinafter "Schwinn's Supplemental Declaration") Exhibit "4".

[28] Schwinn's Supplemental Declaration Exhibit "5."

[29] Schwinn's Supplemental Declaration Exhibit "5."

[30] Defendants' Opposition at 10:7-9 (emphasis in original).

[31] Declaration of Raymond A. Patenaude in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Doc. 24) (hereinafter "Patenaude Declaration") ¶ 4.

attached as Exhibit 1 to the complaint in this action, accurately describes my office's policy with respect to handling disputes and requests from debtors made within the 30-day validation period."[32] It is curious that Defendants assert that PATENAUDE personally "reviewed and approved" a letter which discloses his firm's "policy with respect to handling disputes and requests from debtors" while new defense counsel argues that, "if any error occurred with respect to the wording that the Defendants utilized in their effort to comply with the Act, it was a clerical error and was not intentional." How can the letter which is the subject of this litigation contain both language intentionally written and approved by an attorney contain a "clerical error" with respect to the language used?

Finally, Defendants' bona fide error defense must fail as a matter of law. Within the Ninth Circuit, "[t]he 'bona fide error' defense does not excuse mistakes of law such as errors resulting from debt collector's reliance on counsel's advice or <u>where the mistake relates to FDCPA requirements</u>."[33] Therefore, Defendants' attempt to escape liability by claiming they were "only seeking to comply with the FDCPA" must fail, as any mistake was an error of law, which does not constitute a bona fide error in the Ninth Circuit.[34]

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that this court enter summary judgment in favor of Plaintiff.

Dated: February 9, 2008                                CONSUMER LAW CENTER, INC.

                                                                    By: /s/ Fred W. Schwinn
                                                                        Fred W. Schwinn, Esq.
                                                                        Attorney for Plaintiff
                                                                        PATRICIA CLAIRE BANKSTON

---

[32] Patenaude <u>Declaration</u> ¶ 4.

[33] *Hunt v. Check Recovery Systems.*, 178 F. Supp. 2d 1157, 1170 (N.D. Cal. 2007) (J. Jenkins), *citing, Baker v. G.C. Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982); *Irwin v. Mascott*, 112 F. Supp. 2d 937, 959 (N.D. Cal. 2000) (J. Larson); *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451-52 (8th Cir. 2001) (emphasis added).

[34] *Baker v. G.C. Services Corp.*, 677 F.2d 775.