# Exhibit "4"

# PATENAUDE & FELIX, A.P.C.
## A PROFESSIONAL LAW CORPORATION

(X) Please Respond to Office Indicated

| (X) 4545 MURPHY CANYON ROAD, 3RD FLOOR<br>SAN DIEGO, CA 92123<br>TEL (858) 244-7705  (800) 832-7675<br>FAX (858) 836-0318 | ( ) 213 E. MAIN STREET<br>PITTSBURGH, PENNSYLVANIA 15106<br>TEL (412) 429-7675  (866) 772-7675<br>FAX (412) 429-7679 | ( ) 1771 E. FLAMINGO RD., STE 112A<br>LAS VEGAS, NV 89119<br>TEL (702) 952-2031  (800) 867-3092<br>FAX (702) 992-6286 |
|---|---|---|

July 5, 2007

Mr. Fred W. Schwinn, Esq.   **VIA FACSIMILE & 1ST CLASS MAIL**
Consumer Law Center, Inc.
12 South First St., Ste. 416
San Jose, CA 95113

      RE:    <u>BANKSTON v. PATENAUDE & FELIX, A.P.C., et al.</u>

Dear Mr. Schwinn:

This office has just been served with the lawsuit that you filed in the above referenced matter.

First, your assertion that the 15 U.S.C. 1692(g) "dunning letter" must state that the dispute must be in writing is <u>incorrect</u>. In fact, it is in direct conflict with the 9th Circuit's holding in <u>Camacho v. Bridgeport Financial, Inc.</u> 430 F.3d 1078 (9th Cir. 2005).

In that case the 9th Circuit—which as you know is where the present case is located—specifically held that the 1692(g) letter <u>cannot</u> require that the dispute be made in wring. The Court realized that other parts of the FDCPA allowed for "oral disputes," and determined that a dispute pursuant to the 1692(g) letter could be oral as well.

If you are aware of any binding authority that supercedes the 9th Circuit in <u>Camacho</u>, please let me know, and I will review it.

Moreover, because you have cited no other facts to show any "misrepresentation," I can only assume that those allegations in the Complaint also relate to your incorrect "in writing" assertion.

To be blunt, we find your Complaint against this office and Mr. Patenaude frivolous, without merit, and brought in bad faith. We therefore demand that you provide this office with written confirmation no later than noon tomorrow, July 6, 2007, that you will be dismissing the lawsuit against this firm and Mr. Patenaude <u>with prejudice</u>. Said dismissal is to occur no later than the close of business on Wednesday, July 11, 2007. If you do so, we will waive any costs and fees associated with that lawsuit.

Mr. Fred W. Schwinn, Esq.
Re: <u>Bankston v. Patenaude & Felix, A.P.C., et al.</u>
July 5, 2007
Page 2

However, if we do not receive your written confirmation, and the Complaint is not dismissed by that time, we will assume that you will not dismiss the action, and will take all steps necessary to protect the rights of this office and Mr. Patenaude.

Additionally, please know that upon a favorable determination, we will seek reimbursement for all costs and attorneys fees associated with this matter, as allowed by such things as Rule 11 and the FDCPA. Further, that reimbursement will be sought not only from Ms. Bankston, but from your office as well.

As you may be aware, in the case of <u>Darren Del Nero et al. v. Midland Credit Management Inc. et al.</u>, an award of $155,979.09 was issued against the law firm of Hyde & Swigart as a result of a frivolous FDCPA lawsuit.

Please feel free to contact this office if you should have any questions or wish to discuss this matter further.

Truly yours,

PATENAUDE & FELIX, A.P.C.

MATTHEW B. GOLDING
Attorney at Law