Exhibit "5"

**PATENAUDE & FELIX, APC**
Raymond A. Patenaude, Esq. (#128855)
Victor S. Patenaude, Esq. (#216342)
Matthew B. Golding, Esq. (#171123)
Michael R. Boulanger, Esq. (#226294)
Daniel L. Vinson, Esq. (#214005)
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123-4363
(858) 244-7600 Fax (858) 836-0318

Attorneys for PATENAUDE & FELIX, A Professional Corporation, a
California Corporation, and RAYMOND ALCIDE PATENAUDE, individually
and in his official capacity

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON, | CASE NO.: C07-03396-JW-PVT |
| Plaintiff, | **DEFENDANT, PATENAUDE & FELIX's, RESPONSE TO INTERROGATORIES** |
| v. | |
| PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, A California Corporation, and RAYMOND ALCIDE PATENAUDE, individually and in his official capacity | |
| Defendants. | |

PROPOUNDING PARTY:   Plaintiff, PATRICIA CLAIRE BANKSTON

RESPONDING PARTY:    Defendant, PATENAUDE & FELIX

SET NO.:             ONE (1)

These responses are made solely for the purpose of and in relation to this Action only. Each response is given subject to objections concerning competency, relevancy, materiality, propriety and inadmissibility, which would require the exclusion of any statement contained herein if the interrogatory were asked of, or if any statement contained herein were made by, a witness present and testifying in court. All objections and grounds therefore are reserved and may be imposed at the time of trial.

Defendant has not yet fully completed it's investigation of the facts related to this action, nor

1

**RESPONSE TO INTERROGATORIES**    Case Number: CV06- 3977-GHK (Ex)
SET ONE (Patenaude & Felix, A.P.C.)

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

1  has it finished propounding its Discovery to the Plaintiff.

2  Consequently, the following responses are given without further prejudice to this responding
3  party's right to produce, at time of trial, subsequently discovered evidence relating to the proof of
4  facts subsequently discovered to be material.

5  Pursuant to FRCP 26(e), this responding party will supplement its response if new
6  information is obtained that changes its response to an interrogatory.

7  Except for facts expressly admitted herein, no admission of any nature whatsoever is to be
8  implied or inferred. The fact that any interrogatory herein has been answered should not be taken
9  as an admission or a concession of the existence of any facts set forth or assumed by such
10 interrogatory, or that such response constitutes evidence of any fact thus set forth or assumed. All
11 responses must be construed as given on the basis of present recollection.

12 In general, objection is made to all interrogatories because literal compliance would require
13 responses that are burdensome and oppressive. This responding party will provide those responses
14 that are responsibly appropriate in an effort to comply with the proper obligations imposed upon
15 them as part of the Discovery in this action.

16 **INTERROGATORY NO. 1**:

17 Please IDENTIFY the individual verifying th response to these interrogatories by providing
18 all of the following:

19   a)   full name;
20   b)   business address and phone number;
21   c)   the position held with Defendant;
22   d)   education and training;
23   e)   state how long you have been employed by Defendant;
24   f)   state how long you have held you current position with Defendant.

25 **RESPONSE TO INTERROGATORY NO. 1**:

26   a)   Raymond A. Patenaude
27   b)   4545 Murphy Canyon Road, San Diego, California 92123.  858-244-7600.
28   c)   Partner

2

**RESPONSE TO INTERROGATORIES**                              Case Number: CV06- 3977-GHK (Ex)
**SET ONE (Patenaude & Felix, A.P.C.)**

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

1    d)    J.D. Degree

2    e)    Approximately 16 years

3    f)    Approximately 16 years

**INTERROGATORY NO. 2:**

Please IDENTIFY and describe any DOCUMENTS used to describe or record YOUR methods and techniques used in the collection of consumer accounts. Said DOCUMENTS would include, but would not be limited to, collection activity logs.

**RESPONSE TO INTERROGATORY NO. 2:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "methods and techniques"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; since this action is strictly based upon a single correspondence, the June 4, 2007 "dunning letter." (5) it would require disclosure of documents and/or information which is confidential and proprietary to third parties as to which this party has agreed to maintain confidentiality; (6) it requires the disclosure of this party's confidential and proprietary information; (7) it is burdensome, oppressive, and invades plaintiff's counsel's work product privilege in that it seeks compilation of data from records. Based on the foregoing objections, this party is unable to respond to this Demand. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 3:**

Please list and explain all abbreviations and codes, letters, numerals or symbols regularly used by YOU in YOUR records of collection activities. YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

///

///

3

**RESPONSE TO INTERROGATORIES**   Case Number: CV06- 3977-GHK (Ex)
**SET ONE (Patenaude & Felix, A.P.C.)**

**RESPONSE TO INTERROGATORY NO. 3:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "methods and techniques"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; since this action is strictly based upon a single correspondence, the June 4, 2007 "dunning letter." (5) it would require disclosure of documents and/or information which is confidential and proprietary to third parties as to which this party has agreed to maintain confidentiality; (6) it requires the disclosure of this party's confidential and proprietary information; (7) it is burdensome, oppressive, and invades plaintiff's counsel's work product privilege in that it seeks compilation of data from records. (8) it is burdensome and harassing it that it would require this party to compile large amounts of data from computer records; Based on the foregoing objections, this party is unable to respond to this Demand. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 4:**

Please describe in complete detail the maintenance of all procedures utilized by YOU to avoid violation of Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 e. YOUR answer should include reference to any and all DOCUMENTS which support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 4:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "maintenance"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information;

4

RESPONSE TO INTERROGATORIES    Case Number: CV06- 3977-GHK (Ex)
SET ONE (Patenaude & Felix, A.P.C.)

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

Subject to, and without waiving said objections, this party responds as follows: Relevant to this case, upon being assigned an account from a client, Patenaude & Felix automatically generates a "dunning letter" in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. The letter is reviewed and executed by an attorney and then sent to the debtor. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 5:**

Please describe in complete detail the maintenance of all procedures utilized by YOU to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 e (10). YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 5:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "maintenance";(3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information; Subject to, and without waiving said objections, this party responds as follows: Relevant to this case, upon being assigned an account from a client, Patenaude & Felix automatically generates a "dunning letter" in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. The letter is reviewed and executed by an attorney and then sent to the debtor. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 6:**

Please describe in complete detail the maintenance of all procedure utilized by YOU to avoid violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692g (a)(4). YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

///

///

5

RESPONSE TO INTERROGATORIES                                Case Number: CV06- 3977-GHK (Ex)
SET ONE (Patenaude & Felix, A.P.C.)

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

**RESPONSE TO INTERROGATORY NO. 6:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "maintenance";(3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information; Subject to, and without waiving said objections, this party responds as follows: Relevant to this case, upon being assigned an account from a client, Patenaude & Felix automatically generates a "dunning letter" in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. The letter is reviewed and executed by an attorney and then sent to the debtor. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 7:**

Please describe in complete detail the maintenance of all procedures utilized by YOU to avoid violation fo the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 g (a)(5). **YOUR** answer should include references to any and all DOCUMENTS which support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 7:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "maintenance";(3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information; Subject to, and without waiving said objections, this party responds

6

as follows: Relevant to this case, upon being assigned an account from a client, Patenaude & Felix automatically generates a "dunning letter" in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. The letter is reviewed and executed by an attorney and then sent to the debtor. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 8:**

Please IDENTIFY all DOCUMENTS which would show YOUR compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 e.

**RESPONSE TO INTERROGATORY NO. 8:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "maintenance"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information; Subject to, and without waiving said objections, this party responds as follows: The June 4, 2007 "dunning letter" sent to Patricia Bankston shows compliance with Fair Debt Collection Practices Act, 15 U.S.C § 1692 e. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 9:**

Please IDENTIFY all DOCUMENTS which would show YOUR compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 e(10).

**RESPONSE TO INTERROGATORY NO. 9**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "maintenance"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege,

7

RESPONSE TO INTERROGATORIES                          Case Number: CV06- 3977-GHK (Ex)
SET ONE (Patenaude & Felix, A.P.C.)

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information; Subject to, and without waiving said objections, this party responds as follows: The June 4, 2007 "dunning letter" sent to Patricia Bankston shows compliance with Fair Debt Collection Practices Act, 15 U.S.C § 1692 e (10). Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 10**

Please IDENTIFY all DOCUMENTS which would show YOUR compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 g(a)(5).

**RESPONSE TO INTERROGATORY NO. 10**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "maintenance"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information; Subject to, and without waiving said objections, this party responds as follows: The June 4, 2007 "dunning letter" sent to Patricia Bankston shows compliance with Fair Debt Collection Practices Act, 15 U.S.C § 1692 g (a) (4). Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 11:**

Please IDENTIFY all DOCUMENTS which would show YOUR compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 g(a)(5).

**RESPONSE TO INTERROGATORY NO. 11:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or

8

admissible evidence; (2) is vague and ambiguous as to the term "maintenance"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it requires the disclosure of this party's confidential and proprietary information; Subject to, and without waiving said objections, this party responds as follows: The June 4, 2007 "dunning letter" sent to Patricia Bankston shows compliance with Fair Debt Collection Practices Act, 15 U.S.C § 1692g(a)(5). Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 12:**

Please IDENTIFY by caption, court, and civil action number, all litigation filed against YOU in the past 3 years alleging violations of federal Fair Debt Collection practices Act, 15 U.S.C. § 1692 g(a)(4).

**RESPONSE TO INTERROGATORY NO. 12:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "incident"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it would require disclosure of documents and/or information which is confidential and proprietary to third parties as to which this party has agreed to maintain confidentiality; (6) it requires the disclosure of this party's confidential and proprietary information; (9) it is burdensome and harassing. Based on the foregoing objections, this party is unable to respond to this Demand.

**INTERROGATORY NO. 13:**

Please IDENTIFY by caption, court, and civil action number, all litigation filed against YOU in the past 3 years alleging violations of the federal Fair Debt Collections practices Act, 15 U.S.C § 1692 g(a)(5).

9

**RESPONSE TO INTERROGATORIES**  Case Number: CV06- 3977-GHK (Ex)
**SET ONE (Patenaude & Felix, A.P.C.)**

**RESPONSE TO INTERROGATORY NO. 13**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "incident"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) calls for information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (5) it would require disclosure of documents and/or information which is confidential and proprietary to third parties as to which this party has agreed to maintain confidentiality; (6) it requires the disclosure of this party's confidential and proprietary information; (9) it is burdensome and harassing. Based on the foregoing objections, this party is unable to respond to this Demand.

**INTERROGATORY NO. 14**

Please state in complete detail the facts upon which YOU rely for each affirmative defense listed in YOUR Answer. YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 14**

This party objects to this request on the grounds, among others, that: (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege;(17) the question seeks to ascertain all facts or other data which plaintiff intends to offer at trial and, as such, violates the attorney work product privilege. (18) it is premature at this stage of the proceedings. Subject to, and without waiving said objections, this party responds as follows: Plaintiff contends that the June 4, 2007 "dunning letter" does not violate 15 U.S.C. §§ 1692 e, 1692 e (10) , 1692 g (a)(5) (FDCPA), since it is not required, and has even been held to be improper to require that the dispute be in writing it is Defendants belief that by including language in the "dunning letter" sent to the Plaintiff that any dispute needs to be in writing goes against the holding in <u>Camacho v. Bridgeport Financial, Inc.</u> 430 F.3d 1078 (9th Cir. 2005). Discovery is ongoing and this party

10

reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 15:**

Please IDENTIFY each PERSON you expect to call as a witness at trial in this matter, and state as to each such PERSON:

**RESPONSE TO INTERROGATORY NO. 15:**

This party objects to this request on the grounds, among others, that: (1) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (2) it may involve a third party's right to privacy; (3) the question seeks disclosure of trial witnesses (other that experts) and/or testimony of said persons and therefore violates the attorney work product privilege; (4) the question seeks to ascertain all facts or other data which plaintiff intends to offer at trial and, as such, violates the attorney work product privilege, (5) it is premature at this stage of the proceedings, (6) it assumes facts not in evidence. Based on the foregoing objections, this party is unable to respond to this Demand. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 16:**

Please IDENTIFY each PERSON who you believe has nay knowledge of any of the relevant or material facts in this matter and is not listed in the previous interrogatory, and state as to each such person:

    a)     name and address;

    b)     the subject matter on which such person has knowledge

    c)     the substance of the facts to which such person has such knowledge

**RESPONSE TO INTERROGATORY NO. 16:**

This party objects to this request on the grounds, among others, that: (1) is vague and ambiguous as to the term " matter"; (2) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege;(3) it may involve a third party's right to privacy; (4) the question seeks disclosure of trial witnesses (other that experts) and/or testimony of said persons and therefore

11

**RESPONSE TO INTERROGATORIES**            Case Number: CV06- 3977-GHK (Ex)
**SET ONE (Patenaude & Felix, A.P.C.)**

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

violates the attorney work product privilege; (5) the question seeks to ascertain all facts or other data which plaintiff intends to offer at trial and, as such, violates the attorney work product privilege. (6) it is premature at this stage of the proceedings; (7) it assumes facts not in evidence. Subject to, and without waiving said objections, this party responds to this Demand as follows: Raymond A. Patenaude executed the June 4, 2007 "dunning letter". Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 17:**

Please itemized with particularity each exhibit YOU may use or intend to use ans an exhibit in this matter and specify the present custodian of each exhibit. Your answer should include references to any and all DOCUMENTS which support YOUR answer.

**RESPONSE TO INTERROGATORY NO. 17:**

This party objects to this request on the grounds, among others, that: (1) it is overly broad as to time and subject matter, and as such is not calculated to lead to the discovery of relevant or admissible evidence; (2) is vague and ambiguous as to the term "matter"; (3) it may require the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the self-critical analysis privilege; (4) the question seeks to ascertain all facts or other data which plaintiff intends to offer at trial and, as such, violates the attorney work product privilege, (5) it is premature at this stage of the proceedings, (6) it assumes facts not in evidence, (7) it requires disclosure of information protected under the attorney work-product privilege in that the question seeks to ascertain information and other data which a consultant expert witness, if any, may have provided plaintiff in the preparation of this case. Based on the foregoing objections, this party is unable to respond to this Demand. Discovery is ongoing and this party reserves its right to amend and supplement this response as necessary.

**INTERROGATORY NO. 18**:

If YOUR answer to any of Plaintiff's First Request for Admissions served simultaneously herewith is other than an unqualified "admit," please EXPLAIN FULLY why you are unable to answer with an unqualified "admit." YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

12

**RESPONSE TO INTERROGATORIES**
SET ONE (Patenaude & Felix, A.P.C.)

Case Number: CV06- 3977-GHK (Ex)

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

**RESPONSE TO INTERROGATORY NO. 18**:

Not Applicable, since Requests for Admissions No. 1 through 7 are "admitted".

Respectfully submitted:

**PATENAUDE & FELIX, A.P.C.**

Dated: 11/12/07

By: _____
Daniel L. Vinson, Esq.
Attorneys for Defendants, Patenaude & Felix, A.P.C.,

13

RESPONSE TO INTERROGATORIES
SET ONE (Patenaude & Felix, A.P.C.)

Case Number: CV06- 3977-GHK (Ex)

L:\Discovery\DCS_FROM-OLD-W-DRIVE\Discovery\Response\Defendants\2007\Bankston\rspsfroggs.wpd

RE: <u>PATRICIA BANKSTON v. Patenaude & Felix</u>
Case No. C07-03396-JW-PVT

### **VERIFICATION**

I, RAYMOND A. PATENAUDE, have read the foregoing Defendant, Patenaude & Felix, A.P.C.'s, Response to Interrogatories, Set One (1), and know its contents.

I am a _____ for
                                    Print Title
Patenaude & Felix, A.P.C.'s, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

The matters stated in the aforementioned responses are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

///

Dated: 11/12/07

Raymond A. Patenaude, Esq.

**VERIFICATION - Interrogatories**