IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Patricia Claire Bankston, | NO. C 07-03396 JW |
|     Plaintiff, <br> v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Patenaude & Felix, et al., | |
|     Defendants. | |

## I. INTRODUCTION

Patricia Bankston ("Plaintiff") brings this action against Patenaude & Felix Professional Corporation and Raymond Patenaude (collectively, "Defendants"), alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq*.

Presently before the Court is Plaintiff's Motion for Summary Judgment. (hereafter, "Motion," Docket Item No. 19.) The Court conducted a hearing on February 25, 2008. Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Plaintiff's Motion for Summary Judgment.

## II. BACKGROUND

On June 4, 2007, Defendants sent Plaintiff a debt collection letter regarding a debt of $1,857.05 purportedly owed to Capital One Bank. (Complaint ¶ 12, Ex. 1, Docket Item No. 1; Answer ¶ 12, Docket Item No. 5.) The letter stated that the debt had been assigned to Defendants

for collection and that they would pursue legal action if necessary. (Id.) The letter also contained a paragraph explaining Plaintiff's rights with respect to obtaining verification of the debt and the name and address of the creditor. (Id.)

On June 28, 2007, Plaintiff filed a Complaint alleging a single cause of action for failure to include FDCPA mandated disclosures in the letter. (See Docket Item No. 1.) Presently before the Court is Plaintiff's motion for summary judgment.

### III. STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying the evidence which it believes demonstrates the absence of a genuine issue of material fact." Id. at 323. The non-moving party must then identify specific facts "that might affect the outcome of the suit under the governing law," thus establishing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational trier of

2

fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

## IV. DISCUSSION

Plaintiff moves for summary judgment on the ground that Defendants' collection letter did not comply with the requirements of the FDCPA. Plaintiff also seeks statutory damages. (Motion at 5, 12.) The Court proceeds to consider each issue in turn.

**A.    Whether Defendants' Letter Violated the FDCPA**

The FDCPA is a strict liability statute, which does not require a plaintiff to show intentional misconduct on the part of the debt collector to prevail. See Irwin v. Mascott, 112 F. Supp. 2d 937, 958 (N.D. Cal. 2000); Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1175-76 (9th Cir. 2006). "Whether the initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical least sophisticated debtor." Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir. 1997) (internal quotations omitted). Under this standard, the notice required under the FDCPA must be (1) "conveyed effectively to the debtor," (2) "large enough to be easily read and sufficiently prominent to be noticed," and not (3) "overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." Id.

The FDCPA provides that a written notice from a debt collector must contain five elements:

(1)   the amount of the debt;
(2)   the name of the creditor to whom the debt is owed;
(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4)   a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, *or any portion thereof*, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)   a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added). Notices that include the statute's verbatim language have been held not to violate the least sophisticated consumer standard. See, e.g., Jang v. A.M. Miller &

3

Assoc., 122 F.3d 480, 484 (7th Cir. 1997). However, a change to a single material term required by the statute can constitute a violation of the act. See, e.g., Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1082 (9th Cir. 2005). Section 1692g requires the notice to inform debtors that they "can trigger the rights under subsection (a)(3) by either an oral or written dispute" but that they "can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute." Id. at 1081.

Defendants' letter contained the following language:

> Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Complaint, Ex. 1.) (emphasis in original). This letter did not contain the phrase "in writing" as required by §§ 1692g(a)(4) and (5). The omission of the words "in writing" is confusing to the least sophisticated debtor because it does not specify what action the debtor must take to trigger the protections provided by statute. The letter also did not state that verification can be obtained by disputing the debt "or any portion thereof," as required under § 1692g(a)(4). The omission of the words "or any portion thereof" is misleading to the least sophisticated debtor because it suggests that Plaintiff must dispute the entire debt in order to obtain verification. Since the letter did not contain the words "in writing" and "or any portion thereof," the Court finds that the notice failed to comport with the literal terms of § 1962g(a).

Defendants contend that they complied with the intent of the statute because the letter they sent to Plaintiff allowed for the receipt of verification of the debt and address information of the original creditor through oral or written request, not just by written request.[1] According to Defendants, this satisfies the purpose of the FDCPA because it granted Plaintiff more rights than those allowed under the statute. (Id.) Additionally, Defendants' state that they would have, in fact,

---

[1] (Opposition to Plaintiff's Motion for Summary Judgment at 5, hereafter, "Opposition," Docket Item No. 23.)

4

1 honored an oral request. (Declaration of Felix Patenaude in Support of Defendants' Opposition ¶ 7,
2 hereafter, "Patenaude Decl.," Docket Item No. 23.)

3 Defendants' contention is unpersuasive because the protections of the statute are only
4 triggered by written notification. Although Defendants *may* provide verification upon oral
5 notification at their prerogative, the statute requires that they *must* provide verification upon written
6 notification. Moreover, Defendants representation that it would honor an oral request is not relevant
7 because the FDCPA is a strict liability statute. Thus, their intent is not at issue.

8 Accordingly, the Court GRANTS Plaintiff's motion for summary judgment on this ground.
9 The Court proceeds to consider Plaintiff's request for damages.

### B.  Damages

The court may award statutory damages up to a maximum of $1,000 for each infraction under the FDCPA. 15 U.S.C. § 1692k(a)(2)(A). In determining the amount of damages to award under § 1692k(a)(2)(A), the court must consider (1) the frequency and persistence of noncompliance by the debt collector, (2) the nature of such noncompliance, and (3) the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

In this case, Defendants' non-compliance was not egregious. Except for the omission of the phrases "in writing" and "or any portion thereof," Plaintiff does not contend that the letter is otherwise objectionable. The amount of the debt and the name of the creditor are clearly identified and the text of the letter is written in a uniform font that is not difficult to read. (Complaint, Ex. 1.) Neither party has suggested that Defendants' noncompliance has been persistent or pervasive. In fact, Defendants state that they were motivated to omit the phrase "in writing" by a desire to provide greater protection to debtors than required by law. (Patenaude Decl. ¶ 7.) Plaintiff does not dispute this representation. Accordingly, the Court awards Plaintiff statutory damages of $250.[2]

---

[2] This award is in accordance with other decisions in the Ninth Circuit. See Baker v. G.C.Services Corporation, 677 F.2d 775, 777 (9th Cir. 1982) (affirming award of $100 in statutory damages for omitting the phrase "or any portion thereof" in a debt collection notice and for threatening to take legal action not actually contemplated); Mejia v. Marauder Corp., 2007 WL 806486, 11 (N.D. Cal. 2007) (awarding $250 in statutory damages for non-frequent and non-egregious violations).

## V. CONCLUSION

The Court GRANTS Plaintiff's Motion for Summary Judgment. Judgment will be entered in favor of Plaintiff against Defendants in the amount of $250.

Plaintiff is entitled to reasonable fees and costs. See 15 U.S.C. § 1692k(a)(3). Plaintiff shall file a written declaration supporting the specific amount of attorney fees requested and an appropriate bill of costs on or before June 30, 2008. See Civil L.R. 54-1(a), 54-6(b).

Dated: June 13, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Fred W. Schwinn fred.schwinn@sjconsumerlaw.com
Jeffrey A. Topor jtopor@snllp.com
Tomio Buck Narita tnarita@snllp.com

**Dated:  June 13, 2008**                              **Richard W. Wieking, Clerk**

                                                       **By:  /s/ JW Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**