1   TOMIO B. NARITA (SBN 156576)
    JEFFREY A. TOPOR (SBN 195545)
2   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
3   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
4   Facsimile:   (415) 352-2625
    tnarita@snllp.com
5   jtopor@snllp.com

6   Attorneys for Defendants
    Patenaude & Felix, A Professional Corporation
7   and Raymond Alcide Patenaude

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  PATRICIA CLAIRE BANKSTON,        )   CASE NO.: C 07 03396 JW PVT
                                     )
13                                   )
                                     )
14          Plaintiff,               )
                                     )   DEFENDANT'S OBJECTIONS
15      vs.                          )   TO DECLARATION OF FRED
                                     )   SCHWINN IN SUPPORT OF
16                                   )   AWARD OF ATTORNEY'S
                                     )   FEES AND COSTS
17  PATENAUDE & FELIX, A             )
    PROFESSIONAL CORPORATION,        )
18  a California Corporation, and    )   NO HEARING DATE NOTICED
    RAYMOND ALCIDE                   )
19  PATENAUDE, individually and in   )
    his official capacity,           )
20                                   )
            Defendants.              )
21  _____ )

22

23

24

25

26

27

28
    BANKSTON V. PATENAUDE & FELIX ET AL. (CASE NO. C 07 03396 JW PVT)
    DEFENDANTS' OBJECTIONS TO DECLARATION OF FRED SCHWINN IN SUPPORT OF AWARD OF ATTORNEY'S
    FEES AND COSTS

1    Defendants PATENAUDE & FELIX, A.P.C. and RAYMOND ALCIDE

2    PATENAUDE ("Defendants") hereby object to the Declaration of Fred W.

3    Schwinn in Support of Award of Attorney's Fees and Costs.

4

5                              **OBJECTIONS**

6    Defendants object to the Schwinn Declaration on the grounds that:

7    1.    Plaintiff has failed to file a regularly noticed motion;

8    2.    Plaintiff failed to accept Defendants' Rule 68 Offer of Judgment; and

9    3.    The attorney's fees requested by counsel for Plaintiff are

10         unreasonable and excessive.

11

12                         **STATEMENT OF FACTS**

13    On or about June 28, 2007, Plaintiff filed suit against Defendants alleging

14    violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692,

15    *et seq*.  On December 19, 2007, Defendants served an Offer of Judgment on

16    Plaintiff, pursuant to Rule 68 of the Federal Rules of Civil Procedure.  The Offer

17    read in pertinent part as follows:

18         Judgment shall be entered against Patenaude & Felix, A.P.C. and Raymond
           A. Patenaude in the total amount of One Thousand One Dollars ($1,001.00)
19         for statutory damages, plus Zero Dollars ($0.00) in actual damages, plus
           attorneys fees and taxable costs in the amount of Two-Thousand Five
20         Hundred Dollars ($2,500.00).

21    Declaration of Tomio B. Narita In Support of Defendants' Objections ("Narita

22    Declaration"), at ¶ 2.  Plaintiff did not accept Defendants' Rule 68 Offer.  *See id*.

23    Subsequently, the Court granted summary judgment in favor of Plaintiff and

24    awarded her damages in the amount of $250.00.  *See* Order Granting Summary

25    Judgment, Doc. 28 (June 13, 2008).  Plaintiff's counsel, Fred Schwinn, then filed

26    his declaration requesting attorney's fees, as well as the supporting declarations of

27    two other consumer attorneys.  Plaintiff, however, did not file a motion for

28

attorney's fees or a supporting memorandum.  Nor did Plaintiff meet and confer with Defendants prior to filing these declarations.  *See* Narita Declaration at ¶ 3.

## **ARGUMENT**

### A.    **PLAINTIFF MUST FILE A MOTION FOR AN AWARD OF ATTORNEY'S FEES**

This Court's local rules 54-1(a) and 54-6(a) provide that a motion for an award of attorney's fees must be filed with fourteen days after entry of Judgment in the action.  *See* L.R. 54-6(a).  The Rules further provide that the parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees. *See* L.R. 54-6(b)(1).

Judgment was entered in this action on June 13, 2008.  Plaintiff filed her attorney's fees declarations on June 27, 2008, but did not file a noticed motion and supporting memorandum, as required by the Local Rules.  Nor did Plaintiff meet and confer with Defendants prior to filing her declarations.  For these reasons, Plaintiff's request for attorney's fees should be denied.

### B.    **PLAINTIFF FAILED TO ACCEPT A REASONABLE RULE 68 OFFER OF JUDGMENT**

The consumer in an FDCPA suit should be denied attorney's fees for the work done after the offer of judgment where the offer was sufficient to settle the case.  *See* Fed. R. Civ. P. 68; *Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997).  Here, Defendants served Plaintiff with a Rule 68 Offer of Judgment on December 19, 2007.  Defendants offered to have judgment entered against them in the amount of $1,001.00 in statutory damages, plus $2,500.00 for attorney's fees and costs.  At that time, the case was in its infancy and the settlement offer was reasonable, given the amount of costs and attorney's fees incurred to date.  Plaintiff did not accept this Offer.

Although Plaintiff later prevailed on her summary judgment motion, the Court awarded only $250.00 in statutory damages, less than one-fourth the amount of statutory damages previously offered by Defendants.  Defendants' Rule 68 Offer was eminently reasonable, especially given the fact that the attorney's fees requested by Plaintiff are unreasonable, as discussed below.  Thus, Plaintiff's request for attorney's fees after the Offer of Judgment was served should be denied.

## C.    THE ATTORNEY'S FEES REQUESTED ARE UNREASONABLE AND EXCESSIVE

Plaintiff's counsel, Fred Schwinn, requests an hourly rate of $300.00 per hour.  This is excessive.  Defendants submit that an hourly rate of $225.00 to $250.00 is reasonable and in line with other cases in this jurisdiction, such as *Abad v. Williams, Cohen & Gray*, 2007 WL 1839914 (N.D. Cal. June 26, 2007), where the court awarded $250.00 per hour to FDCPA counsel with much more experience than Mr. Schwinn.

Additionally, the hours claimed by Mr. Schwinn are unreasonable.  For example, Mr. Schwinn seeks to recover $30.00 each for numerous entries for "Receive and Review," to review e-mails and documents that would undoubtedly take 15 seconds or less to "review."  Further, the preparation of some documents including Discovery (on 10/12/2007) billing 3.0 hours for a total of $900.00 seems excessive since much of the discovery is standard and requires little work.  Therefore, these amounts should be reduced as well.  *See, e.g., Kinh Tong v. Capital Management Servs. Group, Inc.*, 2008 WL 171035 (N.D. Cal. Jan. 18, 2008) (reducing hours claimed by Mr. Schwinn from 65.5 to 18 based on "court's judgment of what hours would have been necessary to expend to resolve the case if counsel had reasonably focused on that agenda").

1

### CONCLUSION

2       Because Plaintiff has failed to comply with the Court's Local Rules by

3  filing a properly noticed motion, her request for attorney's fees should be denied.

4  Alternatively, Plaintiff's request for attorney's fees incurred after the date the

5  Offer of Judgment was served should be denied, and the hourly rate and hours

6  claimed are unreasonable and should be reduced.

7

8                                  Respectfully submitted,

9  DATED: July 15, 2008           SIMMONDS & NARITA LLP
                                   TOMIO B. NARITA
10                                 JEFFREY A. TOPOR

11

12                          By:    /Tomio B. Narita/
                                   Tomio B. Narita
13                                 Attorneys for defendants
                                   Patenaude & Felix, A Professional
14                                 Corporation and Raymond Alcide
                                   Patenaude
15

16

17

18

19

20

21

22

23

24

25

26

27

28