UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA CLAIRE BANKSTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PATENAUDE & FELIX, et al.,<br><br>　　　　Defendants. | Case No.: C 07-3396 JW (PVT)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS** |

On June 13, 2008, District Judge Ware issued an order granting Plaintiff's motion for summary judgment in which he found Plaintiff is entitled to reasonable fees and costs pursuant to 15 U.S.C. § 1692k(a)(3). Judge Ware instructed Plaintiff to file a written declaration supporting the specific amount of attorney fees requested and an appropriate bill of costs on or before June 30, 2008. As ordered, Plaintiff timely filed declarations supporting the amount of her attorneys fees. Defendants filed an objection on the grounds that: 1) Plaintiff had not filed a regularly noticed motion; 2) Plaintiff had not accepted Defendants' Rule 68 Offer of Judgment; and 3) the fees requested are purported unreasonable and excessive. On July 25, 2008, in response to Defendants' objection, Judge Ware issued an order referring Plaintiff's motion for attorneys fees and costs to Judge Trumbull, and directing Plaintiff to file a motion in accordance with the court's Civil Local Rules. On July 29, 2008, Plaintiff duly filed her motion for attorneys fees and costs. Defendant filed

neither any opposition nor any statement of non-opposition. *See* CIVIL L.R. 7-3(a) & (b). Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on Plaintiff's moving papers and the file herein,[1]

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED. None of the grounds stated in Defendants' opposition warrant denying or reducing the fees requested. Plaintiff has now filed a noticed motion, which Defendants did not bother to oppose.[2]

Defendants' Rule 68 offer does not warrant any reduction in fees because the offer was not greater than the amount awarded plus reasonable fees and costs incurred up to the date of the offer. *See Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993) (for a Rule 68 offer to cut-off entitlement to further fees, the offer must be greater than the verdict plus reasonable fees and costs incurred when the offer was made). At the time of Defendants' Rule 68 offer, the fees incurred exceeded $5,000.00. Thus, Defendants offer which totaled only $3,501.00, did not exceed the amount Plaintiff was ultimately awarded together with reasonable fees and costs incurred as of that date.

Finally, the amount requested is reasonable. Defendants cites just two cases, only one of which awarded fees at a rate of $250 rather than the rate of $300 requested by Plaintiff's counsel. *See Abad v. Williams, Cohen & Gray*, 2007 WL 1839914 (N.D. Cal. 2007). In the other, more recent, case cited by Defendants, Judge Whyte approved a billing rate of $300 for Mr. Schwinn. *See Kinh Tong v. Capital Management Services Group, Inc.*, 2008 WL 171035 (N.D.Cal. 2008). Based on this, and the other showing made by Plaintiff such as the adjusted Laffey Matrix rate of $345, the court finds $300 to be a reasonable rate for Mr. Schwinn. The court also finds the number of hours reasonable. The initial 23.3 hours requested, before Defendants forced Plaintiff to incur the expense of a noticed motion, compares favorably with the 18 hours Judge Whyte reduced Mr. Schwinns hours to in the *Kinh Tong* case. Further, the court has reviewed the amount of time devoted to the various tasks, and finds them to be reasonable under all the circumstances of this case.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] The court is not impressed with Defendants' tactic of objecting based on the lack of a noticed motion, only to ignore the motion once it was filed. All this did was increase the amount of Plaintiff's fees that Defendants are obligated to pay.

1       For the reasons stated, the court finds Plaintiff is entitled to an award of fees in the amount of
2 $8,372.50, and non-taxable costs in the amount of $58.62.
3 Dated: *8/29/08*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge